No. 24368.

JOHNNY SANDOVAL *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(490 P.2d 1298)

Decided November 29, 1971.

415

Rollie R. Rogers, State Public Defender, J. D. Mac-Farlane, Chief Deputy, Kenneth J. Russell, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Dorothy E. Binder, Special Assistant, George E. De Roos, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

Early in the morning on August 18, 1968, two men discovered defendant Sandoval attempting to drive a

car off the used car lot at the Hottman Chevrolet Company in Brighton. The defendant was unsuccessful due to a steel light pole which impeded his progress. Being thus frustrated, he jumped from the car and attempted to flee, but was tackled and forced to the ground by one of the men. The other man then summoned the police. Before the police could arrive, Sandoval was released, but was again apprehended a short time later by the police. Investigation disclosed that the office building had been entered and that three sets of keys had been removed. One of these sets of keys was for the car which the defendant attempted to take.

The defendant was charged with burglary and attempted theft. A jury found him guilty of both charges, and he was sentenced to the penitentiary.

On writ of error, the defendant specifies two grounds for reversal as follows: (1) That the trial court erred in refusing to submit his tendered instruction and verdict on joyriding as a lesser included offense of attempted theft, and (2) That the trial court erred in failing to instruct the jury that a specific intent was necessary for a conviction of attempted theft, as set forth in defendant's tendered instruction, which the trial court refused to give the jury.

Neither of the defendant's contentions for reversal have merit, and we therefore affirm the judgment of the trial court.

I.

The crime of joyriding is not a lesser included offense of the crime of theft, nor as the defendant proposes, is attempted joyriding a lesser included offense of attempted theft.

The test of a lesser included offense was set forth by this court in *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058 as follows:

"If the greater of two offenses includes all of the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion

of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater."

In *Daniels v. People*, 159 Colo. 190, 411 P.2d 316, the *Futamata* test was reaffirmed as the rule in this state and was further clarified as follows:

"In other words, the greater offense includes a lesser offense when the establishment of the essential elements of the greater *necessarily* establishes all of the elements required to prove the lesser." (Emphasis by the court.)

When the essential elements of joyriding and theft are considered in the light of the *Futamata* test, it must be concluded that these two crimes and attempts to commit them are basically different crimes. The greater offense of theft or attempted theft does not contain the essential and critical elements of joyriding or attempted joyriding. These conclusions are, in our view, readily demonstrated by an analysis of the statutory definitions of the crimes we are considering.

The following is a brief analysis and description of the statutes involved here: C.R.S. 1963, 13-13-2 states that joyriding is committed when any person, without authority of the owner, wilfully, wantonly or maliciously takes possession of, or drives away the automobile of another for the purpose of *temporarily* depriving the owner thereof of his automobile. 1967 Perm. Supp., C.R.S. 1963, 40-5-2 states that theft occurs when any person obtains control of the property of another and knowingly intends to *permanently* deprive that person of the use or benefit of a thing of value. The defendant was charged with *attempted* theft. The attempt statute (1967 Perm. Supp., C.R.S. 1963, 40-25-1 (1)) states that criminal attempt requires that the defendant has the intent to perform any act, and to obtain any result which, if accomplished, would constitute such crime, plus some step toward the commission of the crime which would result in its commission, except for the extraneous intervention of another person or factor.

██ ██ From the foregoing discussion, it appears clear that an essential element of the crime of theft is the formation of an intent to *permanently* deprive the owner of his property. On the other hand, the crime of joyriding requires as an element of proof an intent to just *temporarily* deprive the owner of his property. The intent to permanently deprive is not a progression of an intent to temporarily deprive. To state it another way, the joyriding intent does not mature into the theft intent. A culprit who takes the automobile of another has either the intent to permanently deprive or the intent to temporarily deprive. He cannot have both intents because the one is exclusive of the other. Therefore, it follows that the greater offense of theft of an automobile does not include the element of intent to temporarily deprive. Under the rule of *Futamata, supra,* before an offense can be classified as a lesser included offense of a greater crime, the establishment of the greater must also necessarily establish all the elements required to prove the lesser. As a consequence, it must be concluded that joyriding is not a lesser included offense of theft, nor is an attempt to commit joyriding a lesser included offense of attempted theft.

This conclusion is strengthened by the holding in *Larson v. United States,* 296 F.2d 80 (10th Cir. 1961). In discussing the application of Fed. R. Crim. P. 31(c), which is the counterpart of our Crim. P. 31(c), the court said:

"To be 'necessarily included' within the meaning of the Rule, the lesser offense must be such that it is impossible to commit the greater without having first committed the lesser."

Applying this test, it is obvious that a defendant could commit the crime of attempted theft without having first committed the crime of joyriding or attempted joyriding.

In considering this matter, we examined *Casados v. People,* 119 Colo. 444, 204 P.2d 557. As dicta, it was mentioned therein that joyriding was a lesser grade of the

offense described in a statute, now repealed, which provided that the taking or removing of an automobile from any garage, stable, or other building without the consent of the owner, and the operation of the same for the profit, use, or purpose of the person taking or removing the automobile, shall be deemed a larceny. We do not regard that case as establishing any precedent which is contrary to the holding of this case.

The trial court properly refused to give the jury an instruction on joyriding or attempted joyriding and to submit to the jury forms of a verdict on this crime as a lesser included offense of attempted theft.

II.

We find no merit in defendant's contention that the trial court failed to adequately instruct the jury on the issue of specific intent required as an element of attempted theft.

A review of the instructions given in this case, reveals that the trial court adequately instructed the jury on the essential elements. The trial court's instruction No. 7 stated:

"The laws of the state of Colorado provide that any person commits the crime of theft when he knowingly obtains or exerts unauthorized control over anything of value of another and *intends to deprive another permanently* of the use or benefit of the thing of value." (Emphasis added.)

This instruction clearly spells out the intent required to commit theft.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.

MR. JUSTICE GROVES concurs in the result.