Opinion by
Packel, J.,
The appellant had petitioned for a post-conviction hearing on the ground of ineffective assistance of counsel in that his attorney did not object to a conviction on a charge that was not set forth in the indictment. The indictment was for larceny of a motor vehicle and the conviction was for the operation of a motor vehicle without the knowledge or consent of the owner or custodian. The court below, without a hearing, denied the petition on the ground that the conviction was for a lesser offense included within the charged offense.
It is well settled that upon an indictment for a particular crime, the defendant may be convicted of a lesser offense included within it. Commonwealth v. Soudani, 398 Pa. 546,159 A. 2d 687 (1960). This rule applies even though the greater offense is a felony and the lesser included offense a misdemeanor, Hunter v. *331 Commonwealth, 79 Pa. 503 (1875).[1] An exception exists, however, as to an indictment for murder, in which case the jury is not permitted to return a verdict either for involuntary manslaughter or for any degree of assault and battery because of the likelihood that the jury might be seriously confused by the multiplicity of instructions upon the various charges. Commonwealth v. Comber, 374 Pa. 570, 97 A. 2d 343 (1953).
The Penal Code does not define the offense of larceny. The Act of June 24, 1939, P. L. 872, §807, 18 P.S. §4807 provides: “Whoever commits larceny, is guilty of felony. . . .” Our courts have held, therefore, that the common law definition applies. Commonwealth v. Meinhart, 173 Pa. Superior Ct. 495, 98 A. 2d 392 (1953). At common law larceny consisted of the “taking and carrying away of the personal property of another with the mind of a thief, that is, with the specific intent to deprive the owner permanently of his property.” Hilliard Lumber Co. v. Harleysville Co., 175 Pa. Superior Ct. 94, 96, 103 A. 2d 436, 437 (1954).
The Act of April 29, 1959, P. L. 58, §624(5), as amended, 75 P.S. §624(5), provides that it shall be unlawful: “To make use of or operate any motor vehicle or tractor without the knowledge or consent of the owner or custodian thereof.” This offense, a misdemeanor, is more commonly known as “joy-riding.”[2] It involves taking someone else’s car without permission for the pleasure of driving it temporarily, but with no *332 intent to deprive the owner of permanent possession. The Model Penal Code §206.6(2), Comment (Tent. Draft No. 2, 1954), has observed: “The culprit may-drive carefully and return the car to its original place in half an hour. The offense is typically committed by youngsters. For these reasons the relatively mild sanctions of petty misdemeanors are suggested.” In Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 104, 21 A. 2d 920, 921 (1941), the Pennsylvania Supreme Court held that the true test for determining whether a merger of offenses has occurred is: “. . . whether one crime necessarily involves another, as, for example, rape involves fornication, and robbery involves both assault and larceny. . . .” Thus, we must decide whether larceny of a motor vehicle necessarily involves making use of or operating the vehicle without the owner’s consent.
The specific issue in this case has apparently not been considered in any reported Pennsylvania case. Other jurisdictions are not in accord on whether joyriding is an offense included within the charge of larceny of a motor vehicle. Two states apply the included offense rule[3] and three states are to the contrary.[4]
As a matter of principle and logic, it would appear that the factual situation calls for the included offense rule. It would be a rare and most unusual case in which all of the elements of the lesser offense of joyriding would not be included in the greater offense of larceny of a motor vehicle.[5] There is no reason for *333 making the distinction that the joy-riding offense is statutory and the other is a common law crime.
The included offense rule permits a final disposition after one trial even though the prosecutor’s office may have had no notice prior to trial of a joy-riding defense. Likewise, because of double jeopardy and res judicata the necessity for a second trial for joy-riding is avoided in the event of an acquittal on the greater offense.
Notwithstanding the determination that joy-riding is an included offense, there could be two circumstances which might require a defendant’s counsel to take some positive action. First, if counsel is unaware of a possible conviction for the lesser offense until the judge’s charge, he may well have been misled in his defense to the larceny charge. The right of an accused to fair notice of the charges against him is the essence of procedural due process. Counsel for one charged with larceny of a motor vehicle may legitimately predicate his defense upon the lack of intent to deprive of permanent possession. If the Commonwealth may still obtain a conviction upon the misdemeanor by proving that the taking of the vehicle was nonconsensual, without a separate count or indictment for operating without the owner’s consent, the accused and his counsel could be unfairly prejudiced in their preparation of a defense to that charge.
Second, there is the possibility that all of the evidence indicates that the accused may be guilty of joyriding at most. Unfortunately prosecutors at times indulge in “over-charging” to coerce plea bargaining or to influence juries unduly. Section 3.9(e) of the Standards Relating to the Prosecution Function and the Defense Function promulgated by the ABA Project on Standards for Criminal Justice (Approved Draft, 1971) provides: “The prosecutor should not bring or seek charges greater in number or degree than he can rea *334 sonably support with evidence at trial.” The Commentary to that section observes further: “The chief criticism voiced by defense counsel with respect to the exercise of prosecution discretion in this area is that prosecutors ‘overcharge’ in order to obtain leverage for plea negotiations. Although it is difficult to give a definition of ‘overcharging’ in verbal form, it is clear that the heart of this criticism is a belief that prosecutors b,ring charges not in the good faith belief that they are appropriate under the circumstances and with an intention of prosecuting them to a conclusion, but merely as a harassing and coercive device, in the expectation that a guilty plea will result and that it will not be necessary to proceed to trial, verdict and sentence on all of the charges or at the degree of crime originally stated.”
In view of these two possibilities or other conceivable circumstances, the court below should not have denied the petition -without a hearing. The appellant should have an opportunity to present any evidence relating to the inadequacy of legal representation arising out of his conviction of joy-riding on the charge of larceny.
Order reversed and the case is remanded for a post-conviction hearing.
Wright, P. J., Cercone and Jacobs, JJ., dissent and would affirm the court below.

 At English common law there could be no conviction of a misdemeanor on an indictment for a felony, although the misdemeanor was a lesser included offense. This rule existed because one charged with a misdemeanor had certain advantages at trial which were denied to one charged with a felony. See, Commonwealth v. Adams, 2 Pa. Superior Ct. 46 (1896).

 See, Annot., 9 A.L.R. 3d 633 (1966).

 Williams v. State, 250 So. 2d 11 (Fla. 1971) ; State v. Eyle, 236 Or. 199, 388 P. 2d 110 (1963).

 See Sandoval v. People, 490 P. 2d 1298 (Colo. 1971) ; State v. Cobb, 2 Ariz. App. 71, 406 P. 2d 421 (1965) ; People v. Thomas, 58 C. 2d 121, 373 P. 2d 97 (1962).

 It conceivably could be contended that a thief might tow away an automobile instead of operating it which could raise the issue of whether he was making use of the vehicle. See, Commonwealth v. Howzell, 53 Pa. D. & C. 2d 501, 502 (1970).