No. 47,245

Jack Hall, *Appellant*, v. Daniel J. High and Willis Holland, Co-partners d/b/a D & W Warehousing, *Appellees*.

(520 P. 2d 1283)

Opinion filed April 6, 1974.

*D. J. Vsetecka*, of Corley and Smith, Chartered, of Garden City, argued the cause and was on the brief for the appellant.

*J. Stephen Nyswonger*, of Braun and Nyswonger, of Garden City, argued the cause, and *Lelyn J. Braun*, of the same firm, was on the brief for the appellees.

*Per Curiam:* The appellant was injured when he stepped on a broken brick and fell in a passageway, under the control of his landlords (appellees), which it was necessary for him to use to gain access and egress to and from premises he had rented.

The trial court submitted the issues to the jury, and judgment for the defendants resulted when the jury, answering a special question, found that the defendants did not "cause or knowingly permit conditions to exist on the access way to the plaintiff's work shop that prevented the access way from being reasonably safe for the plaintiff's use."

Appellant complains that the evidence shows conclusively that the access way was not reasonably safe and that the appellees did knowingly permit the condition to exist; and that the trial court erred in submitting this issue to the jury. The flaw in appellant's position on this point is that although the court indicated in the pre-trial order that this issue would be submitted to the jury by way of a special question, the appellant did not object to its submission in that manner and made no objection to the question after the evidence record was made and before the jury retired. In fact, the record shows that the objection is raised for the first time on this appeal.

The appellant cannot now complain after choosing by acquiescence to take his chances on this important issue with the jury and having it resolved against him. Our own decisions to this effect are so numerous as to make specific citations unnecessary.

However, we call attention to *Bott v. Wendler*, 203 Kan. 212, 453 P. 2d 100, construing K. S. A. 60-249 (*a*). That section deals

with special questions and expressly provides for waiver where a party fails to demand the submission of omitted issues of fact to the jury. There is a special reason for such an affirmative provision in the code, as shown by the opinion in that case. But the reasoning is equally applicable where issues are erroneously submitted, as appellant claims was the case here. The appellant waived his objection by not raising it in the trial court.

The appellant also objects to an instruction given by the trial judge. Here again there was no objection to the instruction. While, standing alone, the instruction may be subject to some criticism as to form, it is not of such character that error can be predicated upon it in the absence of objection in the court below. *Hagood v. Hall*, 211 Kan. 46, 505 P. 2d 736. Furthermore, the other instructions are not shown in the printed record. Cf. *Curby v. Ulysses Irrigation Pipe Co., Inc.*, 204 Kan. 456, 464 P. 2d 245, Syl. ¶ 2.

The judgment of the court below is affirmed.