No. 47,665

State of Kansas, *Appellee* v. Andrew L. Stephenson, Jr., *Appellant.*

(535 P. 2d 940)

Opinion filed May 10, 1975.

*John O. Sanderson,* of Emporia, argued the cause and was on the brief for the appellant.

*Philip E. Winter,* assistant county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Foth, C.: Andrew L. Stephenson, Jr., has appealed from a jury conviction of burglary and attempted theft. He alleges (1) that his arrest was illegal, (2) that a detective's opinion as to his guilt was erroneously admitted into evidence, and (3) that the trial court erroneously dealt with his confession.

At approximately 1:00 p. m. on January 6, 1974, the defendant was discovered in a basement stairway of a residence hall at the Kansas state teachers college of Emporia by Agnes Kirk, the hall director. The hall had been closed for the holiday season and all doors chained except one. That door was locked and could be opened from the outside only with a key. Mrs. Kirk knew the defendant, and inquired of him how he had gained entrance; he pointed out a door and claimed that he had entered there. She told him that was impossible because that door was chained and asked him to leave; he did. Mrs. Kirk promptly reported the encounter to the Emporia police, and signed a municipal court complaint charging him with trespassing. Later the same day Mrs. Kirk asked the security man for the building to check to see where the defendant had entered. This investigation disclosed a broken window in the basement laundry room and a crowbar inserted into a cigarette machine. There were tracks in the snow leading to the broken window and none leading away. Later investigation by police disclosed no legible fingerprints on the window, the cigarette machine or the crowbar.

On January 10, 1974, the defendant was arrested on the city's misdemeanor trespass charge and brought to the police station. After being informed of his constitutional rights, he was interviewed by two detectives. During that interview he admitted that he broke into the building and attempted to break into the cigarette machine with the crowbar. The present charge, conviction and appeal followed.

Defendant's illegal arrest claim stems solely from a discrepancy in dates appearing on various documents in the county court records. An affidavit by the sheriff and his official return on the warrant both indicate that the warrant was issued to and received by the sheriff on January 10. That was the day of the defendant's arrest, and the date counsel was appointed for him in the county court. The warrant itself, founded upon a complaint signed by the assistant county attorney, bears the date January 11. An affidavit of Detective Larry Blomenkamp detailing Mrs. Kirk's encounter with the defendant and the results of the police investigation, ostensibly made in support of the complaint and to induce the issuance of the warrant, is also dated January 11. No explanation for these discrepancies appears in the record, the briefs, or the arguments of counsel.

K. S. A. 22-2302 requires that a magistrate find probable cause based upon a complaint or affidavits filed with the complaint before issuing a warrant. Defendant's argument is that the Blomenkamp affidavit was made the day *after* the warrant was received by the sheriff, and therefore could not have provided a basis for the necessary finding of probable cause. Therefore, he continues, his arrest was illegal and his subsequent conviction was invalid.

There are several things wrong with this argument. First, he does not explain how he could have been arrested and counsel appointed for him on January 10 if the warrant was in fact issued January 11. It seems much more likely that the January 11 date appearing on the warrant—admittedly in existence on January 10—and on the supporting affidavit were both typographical errors. The record is simply too scanty for us to conclude that the warrant was in fact issued without a finding of probable cause. Second, even assuming his arrest was "illegal," he has demonstrated no prejudice which would affect his conviction. An illegal arrest, standing alone, is not enough. See, *State v. Giddings,* 216 Kan. 14, 17, 531 P. 2d 445, and cases cited therein. Additionally, the record discloses no effort to raise this point at the trial level, and we cannot consider it for the first time on appeal.

Defendant's second claim of error, as set out in his statement of points, is that "It was error to receive testimony of Dennis Bell that in his opinion the defendant placed the crowbar in the cigarette machine." In his brief defendant puts his contention this way: "The opinion testimony of Detective Dennis Bell went to the ultimate fact at issue and should have been excluded."

From the briefs it appears that during the cross-examination of Detective Bell, defendant's counsel inquired of him, "based upon the facts that you [e]licited as the result of your investigation, do you have any reason to believe that Andrew Stephenson on the 6th day of January, broke that window in Morse Hall and entered there?" An objection by the state to this question as being conclusionary was overruled and the detective's answer was "no."

Upon redirect examination the state took the inquiry into Bell's opinion one step further and asked, "Based upon the entire investigation that you and the Emporia Police Department made, do you have an opinion as to whether or not Mr. Stephenson placed that crowbar there?" At this point the defendant objected to the question because "The entire investigation is not yet in evidence,

and that would be based upon a hypothesis not before the Court and jury at this time." The court, noting that the defendant had "initiated [the issue] on cross-examination," permitted the detective to answer. His response was, "Yes, I believe that he [Stephenson] did."

It may be seen that defendant's present contention (that the question embraced the ultimate issue) is far different from his objection at trial (that there was no proper foundation). He is thus precluded from raising his present contention by our contemporaneous objection rule. K. S. A. 60-404; *State v. Shepherd*, 213 Kan. 498, 516 P. 2d 945. As to the merits of an objection based solely on a claim that an expert's opinion embraces the ultimate issue, see K. S. A. 60-456 (*d*).

In any event, the trial court correctly ruled that the defendant broached the subject of Detective Bell's opinion by his original question on cross-examination. Once the door was open the prosecution was free to enter and explore. See, *State v. Stokes*, 215 Kan. 5, 523 P. 2d 364; *Dewey v. Funk*, 211 Kan. 54, 505 P. 2d 722; *State v. Pappan*, 206 Kan. 195, 477 P. 2d 989; *Frame, Administrator v. Bauman*, 202 Kan. 461, 449 P. 2d 525. The scope of that exploration was largely within the discretion of the trial court. *State v. Morris*, 208 Kan. 464, 493 P. 2d 274. We find no abuse of discretion here.

The defendant's final claim of error, although somewhat difficult to decipher, deals with his confession. In his statement of points on appeal the defendant states that "It was error to receive testimony of [detectives] Larry Blomenkamp and Ron Davis as to defendant's pre-trial admissions allegedly made on January 10, 1974." After a pretrial hearing on defendant's motion to suppress the trial court overruled the motion and found that there had been "no coercion, threat or trickery involved." Defendant concedes that he was fully advised of his rights before the interrogation and signed a written waiver. He contends, and the state disputes, that the matter of the burglary came up only after he signed the waiver. Whichever version is correct, he was advised and said he understood that, even after the waiver, he would "have the right to stop answering at any time." Even his version would not render the confession *ipso facto* involuntary.

The question set out in defendant's brief, however, does not deal with the fact of voluntariness. He commences his argument on this point by saying that "The court failed to properly instruct

the jury concerning police officers' testimony regarding defendant's alleged confession." The instruction complained of is not in the record, nor is any objection to it nor any requested instruction. We are therefore unable to pass on the merits of the instruction as such. *Hall v. High*, 214 Kan. 489, 520 P. 2d 1283. And cf., *State v. Scott*, 210 Kan. 426, 502 P. 2d 753. Further, as will be pointed out, a jury instruction on voluntariness is really unnecessary.

If we cut through the procedural difficulties in reaching defendant's position, we find that he is urging us to hold that the voluntariness of a confession must be shown "beyond a reasonable doubt" before it may be admitted into evidence. In addition, he says, after admission the jury should be instructed that it must make the same finding before it may consider the confession. The United States Supreme Court has only recently rejected these contentions in *Lego v. Twomey*, 404 U. S. 477, 30 L. Ed. 2d 618, 92 S. Ct. 619. In that case the Court found that the pretrial determination of voluntariness required by *Jackson v. Denno*, 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205, need only be by a "preponderance of the evidence," despite the "beyond a reasonable doubt" standard for determining ultimate guilt required by *In re Winship*, 397 U. S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068. It formulated the rule thusly:

"To reiterate what we said in *Jackson:* when a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered. Thus, the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary." (404 U. S. at 489.)

While the court in that case expressly left the states free to impose a higher standard of proof if they chose, it went on to hold that the issue of voluntariness need not be submitted to the jury for its redetermination once the trial judge has made a finding of admissibility. This is in accord with our own practice, firmly established at least since *State v. Milow*, 199 Kan. 576, 433 P. 2d 538. We there said:

"Under Kansas law, after a confession is admitted into evidence as being voluntary, the question of voluntariness is not open for the jury to consider, and a trial court does not err in refusing to give an instruction on the issue of voluntariness. (*State v. Robinson*, 182 Kan. 505, 322 P. 2d 767; and *State v. Freeman*, 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.) The trial court has a duty, however, after deciding that a confession has been voluntarily made, and admitted into evidence, to instruct

the jury that it should consider the truth or falsity of the confession along with the other evidence in the case (*State v. Seward,* [163 Kan. 136, 181 P. 2d 478]), and evidence bearing upon the credence to be given a confession is admissible. (K. S. A. 60-408.)" (199 Kan. at 589.)

In *Milow* we recognized a practice which is fair, workable, and affords to a defendant those rights guaranteed to him by our constitution. It requires a positive judicial finding of voluntariness, based on a preponderance of the evidence. We see no occasion to establish a different standard or procedure at this time.

The judgment is affirmed.

APPROVED BY THE COURT.