No. 47,767

State of Kansas, *Appellee*, v. Merrill W. Andrews, *Appellant.*

(542 P. 2d 325)

Opinion filed November 8, 1975.

*Don W. Riley,* of Wichita, argued the cause and was on the brief for the appellant.

*Robert L. Kennedy, Jr.,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Keith Sanborn,* district attorney, and *Stephen M. Joseph,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: Defendant Merrill W. Andrews appeals from convictions by a jury of the offenses of burglary (K. S. A. 21-3715) and unlawful deprivation of property (K. S. A. 21-3705). He requests this court to reverse the judgment of the trial court due to alleged error in the admission of evidence and in the instructions given to the jury.

The charges against defendant stem from three separate occur-

rences. On the morning of September 4, 1973, Jo D. Maston parked her car, a brown 1964 Chevrolet, in a Wichita parking lot while she attended classes at a nearby school. When she returned to the parking lot several hours later, her car was missing. Carl Smith, an employee of the owner of the parking lot, testified that he had noticed the Matson vehicle in the lot since it was parked in a prohibited area. He stated that he observed a young black male walk around the car for several minutes, enter it and drive away. Smith was unable to identify defendant as the person who took the car.

Six days later, on the morning of September 10, another Wichita resident, Socorro Williams, left her home to visit a neighbor across the street. A short while later she observed a brown Chevrolet pull into her driveway and a young black man got out. The man looked through the windows of her house, then walked around to the back. When she went home to see what was happening she observed the man in her house. Mrs. Williams summoned a postman from across the street and he was able to take down the license number of the car in her driveway. When the man, later identified by Mrs. Williams as defendant, suddenly walked out of the house, she confronted him momentarily but he brushed her aside and left in the vehicle. The police were called and it was later determined the license plate on the vehicle driven by defendant had been stolen from another car two days earlier.

The final incident leading to defendant's arrest occurred on September 12, 1973. Officers David Fry and Rutherford Bullick of the Wichita Police Department were on patrol when the dispatcher notified them of a robbery in progress. After responding to the call, the officers approached a suspicious vehicle parked in the vicinity of the robbery. The vehicle, a brown Chevrolet, sped away before the officers could get to it and a high speed chase ensued through the streets of Wichita. Eventually, the fleeing car crashed into a fence and defendant was apprehended after a lengthy chase on foot. It was subsequently determined that the car driven by defendant was the car stolen from Ms. Maston on September 4, and was also the car parked in Mrs. Williams' driveway on September 10.

Defendant Andrews was charged with theft of the Maston automobile and burglary of the Williams house. At trial, defendant testified he did not steal the Maston vehicle, but a friend loaned it to him. After a trial before a jury he was convicted of tem-

porary deprivation of property, a lesser included offense of theft, and of burglary.

Defendant's first claim of error relates to the admissibility of certain statements made by him following his arrest. He contends all such statements were involuntarily given and that he had not voluntarily or intelligently waived his constitutional rights as required by *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A. L. R. 3d 974.

The first challenged statement was a confession made by defendant a few hours after his arrest while being held by the Wichita police. According to the testimony of the officers, defendant admitted he was present when the vehicle in question was stolen and he and some other friends had substituted a license plate they had taken from another car. He also told them he had been sleeping in the car prior to his arrest. The state did not offer evidence of the confession during its case in chief, but questioned defendant as to the statement when he took the stand in his own behalf. Under extensive cross-examination by the state, defendant repeatedly denied having made such a statement and offered totally inconsistent testimony. Following defendant's testimony the state offered the statements of the two detectives who had taken defendant's confession. Although both detectives testified to essentially the same facts, defendant objected only to the second detective's testimony, on the ground that an affirmative waiver of his constitutional rights had not been shown. The trial court overruled his objection and the testimony was admitted. Both detectives testified that when they interviewed defendant they first advised him of his constitutional rights as required by *Miranda*. Defendant stated that he understood these rights, but he refused to sign a written waiver form.

We need not decide whether the statement was voluntarily given since the trial court failed to hold an *in camera* hearing to determine this issue. It is required that such a hearing be held before a confession can be qualified for introduction into evidence as part of the state's case in chief. Failure to provide an *in camera* hearing prohibits the use of defendant's confession as substantive evidence. (*State v. Osbey*, 213 Kan. 564, 517 P. 2d 141; *Baker v. State*, 204 Kan. 607, 464 P. 2d 212.)

The state points out, however, that evidence of defendant's statement to the detectives was not offered during its case in chief, but

was introduced as rebuttal testimony after defendant made contradictory statements on direct and cross-examination. The record tends to support the state's claim that the rebuttal testimony was offered to impeach defendant's credibility by showing prior inconsistent statements, rather than as substantive evidence. Since defendant testified on direct examination that he had no contact with the stolen vehicle until the day he was arrested, and that he borrowed it from a friend, it was proper to cross-examine him as to his testimony on direct examination and the statement he gave to the detectives. When defendant continued to deny having made such statement it was proper for the state to introduce evidence of the confession on rebuttal for the purpose of impeaching his credibility. We have adopted the rule that an accused who testifies in his own behalf may be impeached by proof of inconsistent statements contained in a confession not properly qualified for admission in the prosecution's case in chief for want of a hearing determining that it was voluntarily made. (*State v. Osbey,* supra.) Application of the foregoing rule to the instant factual situation permits the introduction of defendant's statement to the detectives despite the failure of the police to comply with *Miranda* guidelines. Such a result is consistent with *Harris v. New York,* 401 U. S. 222, 28 L. Ed. 2d 1, 91 S. Ct. 643.

Defendant further contests the admissibility of an inculpatory statement made to the police on the day after he was arrested. While in custody he was taken to the courthouse for the purpose of a line-up and was asked to sign a waiver of rights form. He refused to sign the waiver and indicated to the detectives in charge that he wished to speak to his attorney. Detective Bullins was unable to contact defendant's attorney so he returned defendant to the detention center and no line-up was held. Later that same day defendant was again transported to the courthouse for arraignment. When they arrived at the courthouse defendant stated that he wanted a line-up. The detectives told him they did not need a line-up since they already had photographs of him. In response, defendant stated, "I knew the mailman saw me, that is the reason you took the pictures is to show him."

During the presentation of the state's case in chief, evidence of this statement was offered through the testimony of Detective Bullins. Defendant made a timely objection and an *in camera* hearing was held to determine the admissibility of the statement.

Defendant argued the statement was inadmissible in view of the fact he had requested to speak with his attorney. The trial court overruled the objection on the ground that it was admissible as a "blurt-out statement." Detective Bullins was subsequently permitted to testify before the jury about the details of the statement.

Our role in reviewing a trial court's determination of the admissibility of a defendant's statement is limited to deciding whether there is substantial competent evidence to support the trial court's finding. (*State v. Wilson*, 215 Kan. 28, 523 P. 2d 337; *State v. Melton*, 207 Kan. 700, 486 P. 2d 1361.) In the instant case defendant contends the challenged statement was elicited from defendant as the result of further questioning by the detectives. To the contrary, the record indicates defendant's statement was voluntary and spontaneous, not the result of interrogation. Defendant made the statement not in response to a question, but after being told it was not necessary to have a line-up since the police already had photographs of him. There is nothing in the record to indicate the statement was the product of interrogation, coercion, or trickery. From all the evidence before us we are satisfied defendant's statement to the detectives was of such a voluntary and spontaneous nature as to be admissible, even though defendant had previously asked to speak with his counsel.

Defendant next contends the trial court erred in admitting testimony regarding a prior felony without a proper foundation being established and in permitting the introduction of hearsay testimony relative to the prior conviction. At trial, the state was permitted to introduce the testimony of Detective Fraipont as to the circumstances of the prior offense. Defendant expressly stated he did not object to the trial court's taking judicial notice of the prior conviction, but he did object to evidence regarding the facts on which the prior conviction was based on the ground it would be inflammatory, prejudicial, and irrelevant. The state informed the trial court this evidence was being offered to show plan and preparation, within the meaning of K. S. A. 60-455. The trial court overruled defendant's objection and the detective testified as to the manner in which the prior burglary was committed.

No objection was made by defendant at trial on the ground he now asserts on appeal. In the absence of a timely and specific objection to the admission of evidence we will not consider the question of the admissibility of such evidence on appeal. (K. S. A.

60-404; *State v. Shepherd,* 213 Kan. 498, 516 P. 2d 945; *State v. Parker,* 213 Kan. 229, 516 P. 2d 153.)

Defendant's third point alleges the trial court erred in failing to include an instruction guiding the jury in its deliberations relative to the statements or confessions made by defendant. Although his argument in this regard is somewhat confusing, the essence of his complaint seems to be that no instruction was given on the issue of voluntariness. The record reveals that during the course of trial the court asked defense counsel if he would like an instruction on confessions and he replied that he would not. Despite this refusal to request such an instruction, defendant contends the giving of an instruction on the voluntariness of confessions is mandatory. He argues the proper instruction which should have been given is set out in PIK Criminal 52.17.

We find no merit in defendant's position. Having refused to request an instruction on the voluntariness of confessions, defendant cannot now assign as error the failure to give such an instruction. (*State v. Wheeler,* 215 Kan. 94, 523 P. 2d 722.) There is no absolute requirement that a jury be instructed to consider the voluntariness of a confession. We have stated that the question of voluntariness is not open for jury consideration and a trial court does not err in refusing to give an instruction thereon. (*State v. Stephenson,* 217 Kan. 169, 535 P. 2d 940.) In view of the *Wheeler* and *Stephenson* cases, we conclude the trial court did not err in failing to instruct on the voluntariness of the confession.

As his final point on appeal, defendant contends the trial court erred in permitting a reading to the jury of the testimony of three prosecution witnesses without also reading the testimony of defendant. After the jury retired to deliberate, the foreman notified the court the jury wished to have the testimony of defendant and three prosecution witnesses read. Defendant objected since that testimony constituted the bulk of the trial evidence. The trial court sustained defendant's objection. Thereafter, a second note was given to the trial court, requesting that part of the testimony of the three prosecution witnesses be read to the jury. After protracted argument, the trial court called the jury into the courtroom and asked if they wished to hear the defendant's testimony also. The foreman answered they did not and each of the jurors concurred. The testimony requested was then read to the jury.

It has long been established by this court that if the jury requests the trial court to have the testimony of any witness read to them,

it is proper for the court to require the official court reporter to do so in the presence of the parties to the action. (*Jacks v. Cloughley,* 203 Kan. 699, 457 P. 2d 175; *State v. Wolfe,* 194 Kan. 697, 401 P. 2d 917; *Phillips v. Carlson,* 178 Kan. 206, 284 P. 2d 604.) We cannot assign as error the failure of the trial court to cause defendant's testimony to be read when not requested by the jury.

Defendant also claims a special instruction should have been given by the trial court concerning the testimony read. Again, defendant failed to request an instruction. Error cannot be predicated on the failure of the trial court to give an instruction not requested at trial.

The judgment of the trial court is affirmed.

MILLER, J., not participating.