No. 48,896

STATE OF KANSAS, *Appellee,* v. JESSIE B. MARTINEZ, *Appellant.*

(575 P.2d 30)

Opinion filed February 25, 1978.

*John P. Wheeler, Jr.,* of Calihan, Green, Calihan & Loyd, of Garden City, argued the cause, and was on the brief for the appellant.

*Don Vsetecka,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

*Per Curiam:* This is an appeal in a criminal action from a jury verdict which found Jessie B. Martinez (defendant-appellant) guilty of one count of first degree murder (K.S.A. 21-3401).

Four grounds for reversal are asserted on appeal. First the appellant contends the trial court erred in admitting his exculpatory statement without a *Jackson v. Denno* hearing. Next he claims the trial court erred in admitting color photographic slides of the deceased victim because they were gruesome. The appellant also challenges the sufficiency of the evidence to sustain his conviction of first degree murder. Finally he asserts the trial court erred in its instructions to the jury regarding premeditation.

Shortly after he was given the *Miranda* warning at police headquarters the appellant made an exculpatory statement to the police. The state introduced the statement for impeachment purposes, after the appellant took the stand and told a different story at his trial. The appellant now contends it was error for the trial court to admit this statement without holding a *Jackson v. Denno* hearing. This argument lacks merit for several reasons. The record reflects that no contemporaneous objection to the statement was made at the trial. The contemporaneous objection rule requires timely and specific objection to the admission of the evidence if its admissibility is to be considered on appeal. (*State v. Holloway,* 219 Kan. 245, 547 P.2d 741; *State v. Shepherd,* 213 Kan. 498, 516 P.2d 945; and *Baker v. State,* 204 Kan. 607, 464 P.2d 212.) Secondly, the statement made by the appellant was an exculpatory statement and did not constitute a confession of guilt. The appellant was called by telephone and went to the police station on his own volition. He voluntarily gave the statement at a time when he was neither a suspect nor in custody. Furthermore,

the statement was used for impeachment purposes, and it was not presented as substantive evidence. (*State v. Andrews,* 218 Kan. 156, 542 P.2d 325; and *State v. Osbey,* 213 Kan. 564, 517 P.2d 141.)

The appellant next contends the trial court erred in admitting color photographic slides of the deceased because the treating physician did not refer to them in his testimony. It is well-established law that photographs are not rendered inadmissible merely because they are shocking or gruesome if they are relevant and material to the matters at issue. (See *State v. Smolin,* 221 Kan. 149, 557 P.2d 1241 and cases cited therein.) Two of the slides here depict an injury to the deceased's head and the third slide depicts an apparent knife wound to the deceased's arm. Although the treating physician did not refer to these slides, testimony elicited from other witnesses revealed the appellant chased the deceased slashing at him and brandishing after him with a knife. The purpose of the state in presenting the slides was to corroborate the testimony of the state's witnesses. This countered the appellant's attempt to establish self-defense. We have viewed the slides and find no prejudicial error in their admission. They were relevant and material to support the evidence presented by the state that the deceased did, in fact, receive other wounds on his body.

The appellant also challenges the sufficiency of the evidence of first degree murder. He argues there was no showing of premeditation or deliberation to commit murder. The record reflects the state's evidence included a witness who testified the appellant stated he would "get" the deceased if he had the chance. Furthermore, other witnesses said the appellant attacked the deceased with a knife without provocation. It is not the function of this court to reweigh the evidence on appeal. (See *State v. Holt,* 221 Kan. 696, 561 P.2d 435 and cases cited therein.) Under all the facts and circumstances a jury could reasonably have drawn an inference of premeditation to establish first degree murder.

Finally, the appellant contends the trial court erred in its instruction on premeditation. The court instructed premeditation means "thought of beforehand for any length of time sufficient to form an intent to act, *however short."* (Emphasis added.) PIK, Criminal, §56.04 provides:

"(*b*) Deliberately and with premeditation means to have thought over the matter beforehand."

The record clearly reflects abundant evidence to show the appellant acted with deliberation and premeditation. Under either the appellant's version of the facts or the version given by the witnesses, the appellant had time to premeditate. The appellant went to his car (after he contends he was attacked) in order to get a knife and returned to the parking lot before the stabbing occurred. Thus, *an appreciable amount of time did elapse.* While we do not approve the supplemental instruction given by the trial court, under the facts presented here no prejudicial error is shown.

The judgment of the lower court is affirmed.

FROMME, J., not participating.