(595 P.2d 356)

No. 50,312

STATE OF KANSAS, *Appellee,* v. RONALD L. CHRISTON, *Appellant.*

Opinion filed June 1, 1979.

*Christopher J. Redmond,* of Wichita, for appellant.

*Stuart W. Gribble* and *Jim Turner,* assistant district attorneys, *Vern Miller,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is a direct appeal by the defendant, Ronald Christon, who was convicted by a jury of theft (K.S.A. 21-3701[a]) and burglary (K.S.A. 21-3715). He was sentenced to two terms of not less than one nor more than ten years, with the sentences to run concurrently. He appeals, contending that the trial court erred in admitting testimony of Police Officer Lonnie Swanson which related to statements made to him by another officer and in refusing to give an instruction on attempted theft.

The criminal charges in this case arise out of a service station burglary in Wichita which was discovered around 11:28 p.m. on December 11, 1977, by a security guard from a nearby packing plant. The security guard heard a noise and when he went to investigate he noticed a case of beer sitting outside one of the restroom windows which had been broken out. The guard then

noticed a man making his escape from the building. The guard drew his revolver and started to search the suspect, at which point a scuffle ensued and the man fled across a field. The police were immediately notified. Within thirty minutes after the burglary was discovered, the defendant was observed within four blocks of the burglary scene. He was favoring his left leg and an examination revealed a fresh abrasion on the knee.

The defendant was returned to the scene, where the security guard stated that while he fit the general description, he could not positively identify him as the burglar. The guard did notice that the defendant had a lisp, as had the suspect, and pronounced certain words exactly as had the person he had earlier detained.

Defendant's objections do not go to this testimony, but rather to that of Officer Swanson, and include allegations of error for failure to exclude, failure to admonish the jury to disregard, and failure to grant a mistrial as a result of the officer's testimony. Defendant argues that it was improper for the State to elicit testimony from Officer Swanson concerning what an Officer McMains had told him about the shoe print while both were at the scene. The objection was first made on hearsay grounds, and was properly overruled when it was shown that Officer McMains was present in the courtroom and available for cross-examination. When the State resumed direct examination, the following transpired:

"Q. [BY MRS. MOORE] What did Officer McMains tell you?

"A. He told me that the shoe from Ronald L. Christon matched the prints that were on—

"MR. REDMOND: Your Honor, I object to this. There's been no foundation. Officer McMains' testimony on direct examination was excluded as to that portion because he was not an expert and had no expertise in that area. I'm going to request that this be stricken from the record and the jury instructed to totally disregard it.

"THE COURT: Overruled.

"Q. [BY MRS. MOORE] What did he tell you?

"A. Told me the shoes that were taken from Ronald L. Christon matched a print that was in the restroom of the station.

"Q. All right. So what did you do at that time?

"A. At this time I arrested Ronald L. Christon."

Prior to Officer Swanson having testified, Officer McMains testified he had removed the defendant's left shoe and compared it with shoe prints found outside the station and on the toilet seat located immediately under the broken restroom window from

which the security guard had observed a person exiting. McMains stated the shoe and print both measured approximately nine and a half inches, and there was a similar arrow pattern in the sole of the defendant's shoe and the shoe print found on the toilet seat. In addition, the high points of the horizontal lines beside the arrow design were exactly one-half inch from high point to high point. The areas on the print measured the same as the corresponding areas on the shoe.

Kansas has long recognized that "[t]he description and measurement of tracks at the scene of the crime which correspond with the shoes worn by the defendant and introduced in evidence are competent." *State v. Adams,* 85 Kan. 435, Syl. ¶ 2, 116 Pac. 608 (1911). Expert testimony is not required concerning footprints. A lay witness may generally give such testimony provided it is based on measurements or peculiarities of the footprint. *State v. Jackson,* 220 Kan. 675, 678, 556 P.2d 885 (1976). See also *State v. Marek,* 129 Kan. 830, 832, 284 Pac. 424 (1930); *State v. Cole,* 93 Kan. 819, 823, 150 Pac. 233 (1915); 31 Am. Jur. 2d, Expert and Opinion Evidence § 124; 2 Jones on Evidence § 14:45 (6th ed. 1972).

Defendant does not challenge McMains' testimony. Swanson's testimony after that of McMains' would amount to harmless error if it were inadmissible. We are of the opinion, however, that the testimony of Swanson's about which defendant complains is in fact admissible, as it was an out-of-court declaration to a police officer that merely explained his conduct (*i.e.,* the arrest of the defendant), was not offered for the truth of the statement itself and is not otherwise inadmissible. *State v. Hollaway,* 214 Kan. 636, 639, 522 P.2d 364 (1974); *State v. Collazo,* 1 Kan. App. 2d 654, 655, 574 P.2d 214 (1977). The declaration is not otherwise inadmissible because McMains had been called as a witness and had testified in detail concerning the matching of the shoe which defendant was wearing and the footprints at the scene. The opportunity for cross-examination of McMains was available to defendant's counsel. *California v. Green,* 399 U.S. 149, 26 L.Ed.2d 489, 90 S.Ct. 1930 (1970); *State v. Fisher,* 222 Kan. 76, 82, 563 P.2d 1012 (1977). Of additional interest is evidence that the defendant gave an oral statement to the police that he had just changed shoes at his mother's home, and she told him the shoes had been loaned to an unnamed male who had just returned them. No evidence was presented in defendant's behalf on this subject.

We do not find that the trial court erred in refusing to give an instruction on unlawful deprivation of property under K.S.A. 21-3705. An accused is entitled to instructions on his theory of defense if that theory is supported by any evidence whatsoever. *State v. Seely,* 212 Kan. 195, 510 P.2d 115 (1973); *State v. Kleber,* 2 Kan. App. 2d 115, 575 P.2d 900, *rev. denied* 224 Kan. clxxxviii (1978). However, when there is no rational basis in the evidence from which a finding of guilt of a lesser offense could be made, it is not error to refuse a requested instruction on the lesser offense. *State v. Warren,* 221 Kan. 10, 14, 557 P.2d 1248 (1976).

Defendant contends that as the actual theft was interrupted by the intervention of the security guard, he was entitled to an instruction on attempted theft. At the time of the guard's intervention, a radio and eleven cartons of cigarettes had already been removed from the service station and concealed in a trash can next to the pumps. Uncontroverted testimony in the record placed the value of the cigarettes alone in excess of fifty dollars, and that sum constituted grand theft at the time of this incident. In addition, one case of beer was on the ground outside the broken restroom window, and two cases inside the building had been moved from their regular location. No evidence was presented that can reasonably be interpreted to support an instruction on attempted theft, and we agree with the trial court which obviously found that the evidence of actual theft was so conclusive as to preclude an instruction on unlawful deprivation of property under K.S.A. 21-3705.

Affirmed.