(607 P.2d 88)
No. 51,107

STATE OF KANSAS, *Appellee,* v. GERALD D. BURNETT, *Appellant.*

Opinion filed February 29, 1980.

*Lawrence P. Ireland,* of Ireland and Enright, of Topeka, for the appellant.

*J. Richard Lake,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before PARKS, P.J., ABBOTT and SWINEHART, JJ.

SWINEHART, J.: Defendant Gerald D. Burnett appeals from a conviction by a jury of six counts of felony theft in violation of K.S.A. 1979 Supp. 21-3701. (Count 6 was based upon the prior theft statute which made theft of property of a value of $50 or more a class D felony, because it was committed prior to the 1978 amendments.) Defendant alleges on appeal that the trial court erred in failing to instruct the jury on the offense of unlawful deprivation of property, pursuant to K.S.A. 21-3705.

Defendant Gerald Burnett was employed as assistant manager of Auto Parts of Holton, Inc., in Holton, in September, 1977, and on April 30, 1978, was promoted to manager. As store manager he was to prepare and mail to the NAPA corporate headquarters in Topeka an envelope on a regular basis, *i.e.,* daily or every few days, containing cash sales tickets, charge tickets, a copy of bank deposit slips representing the total cash and check transactions

for the period, and an accounts receivable list. He then deposited the proceeds of the business in the Kansas State Bank at Holton. The manager also had the discretion to delegate these tasks to the assistant manager.

In July of 1978, the Kansas State Bank at Holton informed the Topeka office of an overdraft in its account at the bank. Robert Acker, the store coordinator for the NAPA stores in the area, consulted with the company accountant and investigated the matter. He determined that the following five deposits, for which he had received deposit slips, had not been made at the bank: July 5, covering business on July 2, 3, and 5; July 6; July 8, covering July 7 and 8; July 15, covering July 13, 14 and 15; and July 17, covering July 16 and 17, all in 1978. The deposits totalled $4,237.78. The bank records failed to show receipt of any of these deposits. Although the assistant manager recalled filling out the envelopes for several of these dates, he stated he did not complete any of the deposit slips nor did he recall making any of the deposits. He was out of town when the last two slips were completed.

The defendant testified that he had completed four of the deposit slips, while Mr. Acker stated that all of them were in the defendant's handwriting. The defendant could not remember whether he had actually made any of the alleged deposits at the bank, but denied taking any funds from the store. He did admit, however, that the original deposit slip for July 6, 1978, had been found in his trailer, although no money was discovered with it. He also could not recall whether he or his wife had moved the deposit slip from his car to the trailer.

The defendant was charged and convicted by a jury on five counts of willfully and intentionally exerting unauthorized control over these deposits, with intent to permanently deprive the owner thereof, pursuant to K.S.A. 1979 Supp. 21-3701.

Defendant also was convicted on a sixth count in violation of K.S.A. 21-3701, which arose from the sale of a four-cylinder Vega C253 Four Star engine to Robert Arnold. Arnold gave the defendant checks in the amount of $300 and $42.64 in payment of the engine. The last check was dated July 17, 1978. The payee line on both checks was left blank by Arnold. The defendant later inserted his name as payee and endorsed the checks in his name. The defendant claimed he made the sale on his own company discount and charged it to his account, intending to pay for it

when due. He made a "hold ticket" which Acker had seen one day while working at the store, but Acker stated that this was an unauthorized procedure for making a charge and against company policy. Further, Acker testified that the Topeka headquarters never received a charge ticket on the defendant's charge account for the engine, nor did defendant ever pay for the engine in question, whereas the defendant stated he had put the engine on his account. Although he had not yet paid for the engine, defendant testified he intended to do so.

Defendant contends that unlawful deprivation of property, as provided in K.S.A. 21-3705, is a lesser included offense of theft, as defined in K.S.A. 1979 Supp. 21-3701. Therefore, the defendant urges that the trial court erred by failing to instruct the jury on the lesser included offense of unlawful deprivation of property. The State disagrees with this contention. Even if unlawful deprivation of property is a lesser included offense of theft, the State asserts the trial court did not err in refusing to instruct thereon because there was no evidence in the record to warrant such an instruction.

The following are the most relevant statutes. K.S.A. 21-3107(2) and (3) provide:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following: (a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(c) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

K.S.A. 21-3107(2)(d) is the pertinent category on this appeal to consider defendant's contention that a violation of K.S.A. 21-3705 is a lesser included offense of K.S.A. 1979 Supp. 21-3701.

K.S.A. 1979 Supp. 21-3701, the general theft statute, provides:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:

"(a) Obtaining or exerting unauthorized control over property; or

. . . .

"Theft of property of the value of one hundred dollars ($100) or more is a class D felony. Theft of property of the value of less than one hundred dollars ($100) is a class A misdemeanor."

K.S.A. 21-3705 provides:

"Unlawful deprivation of property is obtaining or exerting unauthorized control over property, with intent to deprive the owner of the temporary use thereof, without the owner's consent but not with the intent of depriving the owner permanently of the possession, use or benefit of his property.

"Unlawful deprivation of property is a class A misdemeanor."

The Judicial Council note following K.S.A. 21-3705 states that it is based upon the former "joyriding" statute, K.S.A. 21-544, and has been expanded to cover all classes of property.

Both parties agree that under statute and case law, in a criminal case the trial court has the duty to instruct the jury as to all lesser offenses upon which an accused might be found guilty under the information and the evidence presented at trial, as well as the duty to instruct as to the offense charged. Such a duty is imposed even if such instructions have not been requested or have met with objection. K.S.A. 21-3107(3); *State v. Boyd,* 216 Kan. 373, 376, 532 P.2d 1064 (1975); *State v. Clark,* 214 Kan. 293, 521 P.2d 298 (1974); *State v. Warbritton,* 211 Kan. 506, 506 P.2d 1152 (1973); *State v. Satterfield,* 3 Kan. App. 2d 212, 592 P.2d 135, *rev. denied* 226 Kan. 793 (1979). In this action the defendant did not request any instructions on lesser included offenses and none were given.

This court must determine whether or not unlawful deprivation of property is a lesser included offense of theft. K.S.A. 21-3107(2) sets forth four types of included crimes. Additionally, in *State v. Daniels,* 223 Kan. 266, 270, 573 P.2d 607 (1977), the court noted the following test had been repeatedly used to determine what constitutes a lesser included offense under K.S.A. 21-3107(2)(*d*):

" 'A lesser offense is considered a lesser included offense under K.S.A. 21-3107(2)(*d*) when all elements necessary to prove the lesser offense must be present to establish the elements of the greater offense.' (*Wisner v. State,* 216 Kan. 523, Syl. ¶ 2, 532 P.2d 1051 [1975].)

"Under this test, if the lesser offense requires proof of an element not necessary in the greater, the court should not instruct the jury that the defendant can be found guilty of the lesser offense."

A greater offense may not be committed without having first committed the lesser offense to satisfy K.S.A. 21-3107(2)(*d*), as an "identity of elements" is required. An offense factually charged in the information and established by the evidence is not suffi-

cient to require a lesser included offense instruction. Rather, the inquiry must focus on the elements of the two offenses. *State v. Arnold,* 223 Kan. 715, 576 P.2d 651 (1978).

Therefore, the elements of theft and the elements of unlawful deprivation of property must be compared. A charge of unlawful deprivation of property requires proof of intent of the defendant to deprive the owner of *temporary possession* of the property, whereas theft requires proof of intent to deprive the owner of *permanent possession,* use or benefit of the property. K.S.A. 1979 Supp. 21-3110(6) defines "to deprive permanently" as:

"(a) Take from the owner the possession, use or benefit of his or her property, without an intent to restore the same."

The critical question, then, is whether exerting unauthorized control over the property with the intent to permanently deprive of possession, and obtaining or exerting unauthorized control over property with an intent to deprive only temporarily are merely different points along a continuum of proof and, in essence, identical elements or whether they are so separate and distinct as to mandate a finding that K.S.A. 21-3705 is not a lesser included offense of K.S.A. 1979 Supp. 21-3701. Defendant asserts that any difference is merely semantic. The State argues that they are two different elements, that is, more than a mere quantum of proof distinguishes them. Neither party nor outside research have disclosed any Kansas case law squarely addressing this issue. Even resort to the construction of the former "joyriding" statute in Kansas case law is of little help.

Two Kansas cases have, however, considered other contentions made on appeal that unlawful deprivation of property is in fact a lesser included offense of theft. Although both cases seem to give tacit approval to such assertions, neither one explicitly holds that this is the case.

In *State v. Moore,* 220 Kan. 707, 556 P.2d 409 (1976), defendant was convicted on one count of the theft of plywood under K.S.A. 21-3701, and on one count of unlawful deprivation of property, a truck, under K.S.A. 21-3705. While the court acknowledged the defendant's assertion, it concluded that an instruction on unlawful deprivation of property was unwarranted because the defendant's defense regarding the taking of plywood found on the truck which he had admittedly taken was totally exculpatory. He had testified that the plywood was already on the truck and was

merely incidental to the unlawful taking. According to the defendant's argument, then, the court found that the taking of the truck and the plywood would constitute an indivisible misdemeanor and not require another unlawful deprivation of property instruction.

Similarly, the defendant in *State v. Warren,* 221 Kan. 10, 557 P.2d 1248 (1976), was convicted on one count of felony theft of a lumber truck in violation of K.S.A. 21-3701. The court rejected defendant's claimed entitlement to a jury instruction for unlawful deprivation of property as a lesser included offense again because defendant's defense was completely exculpatory, *i.e.,* he denied taking the truck and he presented no evidence whatsoever bearing on intent. In passing, the court referred to a New Hampshire decision, *State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974). In *State v. O'Brien,* the court had to decide whether "joyriding" was a lesser included offense of grand larceny and without elaboration stated that it was. The Kansas Supreme Court did not refer to this section of the opinion, nor give a hint as to the type of lesser included offense discussed there.

A reading of both *Moore* and *Warren* suggests then that the Supreme Court of Kansas has given at least tacit approval to the argument advanced here by the defendant: unlawful deprivation of property (K.S.A. 21-3705) is a lesser included offense of theft (K.S.A. 1979 Supp. 21-3701). Accord, *State v. Christon,* 3 Kan. App. 2d 372, 595 P.2d 356 (1979). Furthermore, the court in *State v. Andrews,* 218 Kan. 156, 157-158, 542 P.2d 325 (1975), baldly asserts that the defendant "was convicted of temporary deprivation of property, a lesser included offense of theft." The question was not before the court on appeal, however, and was in no way relevant to the issue raised there.

However, none of these cases nor any cases construing the former Kansas joyriding statute, on which K.S.A. 21-3705 was based, clearly hold that unlawful deprivation of property is a lesser included offense of theft. Application of the criteria cited above to determine whether an offense is a lesser included offense of a greater crime even suggests otherwise and cases from other jurisdictions squarely addressing the question have so held.

*Sandoval v. People,* 176 Colo. 414, 490 P.2d 1298 (1971), applying rules for determining lesser included offenses and statutes similar to those in Kansas (although Colorado's statute was limited to joyriding), stated at page 418:

"From the foregoing discussion, it appears clear that an essential element of the crime of theft is the formation of an intent to *permanently* deprive the owner of his property. On the other hand, the crime of joyriding requires as an element of proof an intent to just *temporarily* deprive the owner of his property. The intent to permanently deprive is not a progression of an intent to temporarily deprive. To state it another way, the joyriding intent does not mature into the theft intent. A culprit who takes the automobile of another has either the intent to permanently deprive or the intent to temporarily deprive. He cannot have both intents because the one is exclusive of the other. Therefore, it follows that the greater offense of theft of an automobile does not include the element of intent to temporarily deprive. . . . [B]efore an offense can be classified as a lesser included offense of a greater crime, the establishment of the greater must also necessarily establish all the elements required to prove the lesser. As a consequence, it must be concluded that joyriding is not a lesser included offense of theft . . . ."

*State v. Bailey,* _____ W. Va. _____, 220 S.E.2d 432 (1975), cited *Sandoval* and reached the same conclusion (over two dissents). One other portion of its rationale is noteworthy, as K.S.A. 21-3705 speaks of intent to deprive temporarily and without intent to deprive permanently.

"Some joyriding statutes merely provide for the absence of an intent to permanently deprive the owner of his vehicle. Our statute provides for the presence of an intent to temporarily deprive the owner. The former type of statute can account for the decision in at least two of the minority of states holding 'joyriding' to be a lesser included offense of larceny. There may be merit to such a policy but our statute clearly does not express it." *State v. Bailey,* 220 S.E.2d at 437-438.

We conclude that an intent to temporarily deprive the owner of property is a distinct element from an intent to permanently deprive. Therefore, we find that a violation of K.S.A. 21-3705, unlawful deprivation of property, is not a lesser included offense of K.S.A. 1979 Supp. 21-3701, theft.

Judgment is affirmed.

ABBOTT, J., dissenting: I am unable to agree with the majority. In my opinion, unlawful deprivation of property (K.S.A. 21-3705) is a lesser included offense of theft (K.S.A. 1979 Supp. 21-3701).

I am convinced the Kansas Supreme Court has heretofore determined that unlawful deprivation of property is a lesser included offense of theft. In my opinion, *State v. Moore,* 220 Kan. 707, 709, 556 P.2d 409 (1976), and *State v. Andrews,* 218 Kan. 156, 157-158, 542 P.2d 325 (1975), cited in the majority opinion leave no doubt that our Supreme Court is of the opinion that

unlawful deprivation of property is a lesser included offense of theft.

It seems to me that unlawful deprivation of property and theft involve a different degree of intent; *i.e.,* the intent to temporarily deprive versus the intent to permanently deprive. Thus, there is not a different element involved in unlawful deprivation. All of the essential elements are the same. Other jurisdictions that have considered whether "joyriding" is a lesser included offense of theft, *e.g., State v. O'Brien,* 114 N.H. 233, 317 A.2d 783 (1974), and *Commonwealth v. Nace,* 222 Pa. Super. Ct. 329, 295 A.2d 87 (1972), are in accord with what I believe to be the rule in Kansas.

There is sufficient competent evidence concerning the automobile motor transaction to support an instruction on unlawful deprivation of property. Defendant testified he had charged the motor to himself and intended to pay for it. If that testimony and other evidence presented by the defendant had been accepted by the jury as true, it could have convicted defendant of unlawful deprivation of property. I would therefore reverse the conviction concerning the automobile motor transaction and remand it for a new trial.

I would, however, affirm the conviction on counts one through five for the reason there is no competent evidence to require such an instruction. Defendant denied any intentional taking, and if the jury had believed his testimony concerning counts one through five it necessarily would have acquitted defendant under either theory. Simply stated, defendant did not defend on an unlawful deprivation theory. As to one count, he denied any knowledge of the missing deposit and offered an alibi. On others, he merely denied any intent to deprive the owner and speculated as to what might have occurred. There is no competent evidence to support an instruction for unlawful deprivation in counts one through five, thus the trial court did not err by reason of its failure to instruct on unlawful deprivation of property.