No. 46,501

Tamara Sue Dewey, a minor, by and through Nancy Jane Dewey, her mother and next friend, *Appellee*, v. Lloyd R. Funk, *Appellant*.

(505 P. 2d 722)

Opinion filed January 20, 1973.

*John A. McKinnon*, of Topeka, argued the cause, and *Curt T. Schneider*, also of Topeka, was with him on the brief for the appellant.

*Richard L. Becker*, of Coffeyville, argued the cause, and *Morris D. Hildreth*, also of Coffeyville, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a paternity action brought in the name of a child by her mother and next friend against the alleged father to obtain support. The case was tried before a jury which found the defendant to be the father of the plaintiff.

The principal issue on appeal is the ruling of the trial court in refusing to admit testimony as to the chastity of the mother after she had testified she was a virgin at the time of the incident resulting in the conception of the child.

Nancy Dewey, age eighteen, gave birth to a child, Tamara Sue Dewey, out of wedlock on the 27th day of February, 1969. Nancy Dewey had lived in Edna, Kansas, with her parents prior to moving to Coffeyville when she was a sophomore in high school. She testified that she was riding around with Sharon Watson, age eighteen, in a Volkswagon sedan, sometime prior to the 24th day of May, 1968. They met Tim Sage and the defendant, Lloyd Funk, and as a result the two men joined them in the car. On this occasion they went to a place called "Big Hill" where they got out of the car and played various games of an innocent nature. Subsequently, in a similar circumstance, they again met the defendant and Tim Sage and rode around in the Coffeyville area. Both the defendant and Mr. Sage denied ever riding around on the second occasion with the girls. This occasion was following the girls' graduation from high school which occurred on the 24th day of May, 1968. They stopped in a pasture out in the country and Sharon Watson and Tim Sage got out of the car. Nancy Dewey testified that during the time Sharon Watson and Tim Sage were out of the car she and defendant Funk had sexual intercourse in the back seat. Sharon Watson testified that she actually observed Nancy and the defendant in the act.

After Nancy's parents learned of her pregnancy they called the defendant had asked him to come to their home and he was informed of the pregnancy. The defendant did not deny that he was the father of the child. He suggested to Nancy Dewey and her parents that an abortion would be the answer. On the next evening the defendant again went to the Dewey residence accompanied by his attorney. Neither his attorney nor the defendant denied the defendant was the father of the child.

We first consider specification of error No. III. Defendant complains that the trial court refused to allow testimony concerning the chastity of Nancy Dewey. Since Nancy Dewey testified on direct examination she was a virgin prior to the incident resulting in the conception of plaintiff, defendant argues he was entitled to prove previous acts of sexual intercourse to impeach her claim of virginity. The trial court restricted the testimony as to acts of sexual intercourse involving Nancy Dewey to a period when conception could have occurred. The trial court's ruling is supported by *State, ex rel., v. Wright,* 140 Kan. 679, 38 P. 2d 135.

The right to introduce evidence tending to disprove a claim of virginity by the complaining mother has not been before this court. We are concerned with the fact that the plaintiff inserted the testimony as to the virginity of Nancy Dewey into this trial. The plaintiff was fully aware of the ruling of the trial court before doing so. The question of the admissibility of evidence was discussed in detail by court and counsel prior to the trial. Notwithstanding this knowledge, the plaintiff sought the advantage of having Nancy Dewey assert her virginity.

If one party offers an irrelevant and therefore inadmissible fact which is received in evidence, may the other party offer similar facts whose only claim to admission is that they negate or explain or counterbalance the prior inadmissible fact? Wigmore on Evidence, 3d Edition, § 15, pp. 304, 305, 307, suggests there are three rules competing for recognition:

"(1) The first is that *the admission of an inadmissible fact, without objection by the opponent, does not justify the opponent in rebutting by other inadmissible facts:*

.   .   .   .   .   .   .   .   .   .   .   .   .

"(2) At the other extreme is a rule which declares that, in general, precisely the contrary shall obtain, *i. e.* the *opponent may resort to similar inadmissible evidence:*

.   .   .   .   .   .   .   .   .   .   .   .   .

"(3) A third form of rule, intermediate between the other two, is that the opponent may reply with similar evidence *whenever it is needed for removing an unfair prejudice which might otherwise have ensued from the original evidence,* but in no other case. .   .   ."

We prefer the adoption of Rule 3. It provides the flexibility necessary to assure the issues will not be tried on uncontradicted, prejudicial testimony of an unimpeached witness, but avoids trial of non-prejudicial collateral matters.

The defendant offered the testimony of Suzanne Moore concerning admissions made to her by Nancy Dewey as to sexual intercourse with other men. The plaintiff objected and the court ruled that evidence of sexual intercourse with others at a time beyond the period of conception was inadmissible. As an offer of proof the witness was presented to the court outside the presence of the jury. She testified that Nancy Dewey admitted she had sexual intercourse with at least three men prior to the incident with the defendant.

We conclude that Suzanne Moore should have been permitted to testify as to these admissions. If the testimony of Nancy Dewey that she was a virgin remained uncontradicted it was highly prejudicial to the defendant. We would apply the rule from Wigmore that when a party introduces inadmissible and prejudicial evidence, the *opposing party may introduce similar evidence* "whenever it is needed for removing an unfair prejudice." A litigant who draws from his own witness irrelevant testimony which is prejudicial to the opposing litigant ought not to object to its contradiction on the ground of its irrelevancy. If the testimony of Nancy Dewey as to her virginity had been elicited on cross-examination, defendant would not have been able to contradict such testimony since it involved a collateral matter. (*Lutz v. Peoples State Bank.*, 135 Kan. 115, 9 P. 2d 997.)

We recognize that Nancy Dewey stands in the same position as any other witness. We held in *State, ex rel., v. Christensen.*, 132 Kan. 192, 294 Pac. 892, that a witness may be cross-examined concerning her past conduct and character and as to specific acts which would tend to discredit her for the purpose of impairing her credibility, although such acts may be irrelevant and collateral to the principle of the controversy in the case. This rule has been limited in scope by reason of the provisions of K. S. A. 60-422 (*c*) which states: ". . . evidence of traits of his character other than honesty or veracity or their opposites, shall be inadmissible; . . ."

The present rule is stated in *State v. Darling*, 208 Kan. 469, 493 P. 2d 216, which was a prosecution for the crime of procuring an abortion or miscarriage. We held that a witness on cross-examination could not be examined on previous sexual immorality since it had nothing to do with honesty or veracity of the witness. We said at page 477: ". . . Sexual immorality has nothing to do with

the veracity of a witness and is clearly one of the subjects of inquiry prohibited by the statute."

Plaintiff argues no relief can be granted on appeal since defendant failed to present to the trial court in support of his motion for a new trial the nature of the evidence refused by the trial court, citing K. S. A. 60-259 (*g*). We have construed G. S. 1935 60-3004 (the predecessor to K. S. A. 60-259 [*g*]) in *Walker v. S. H. Kress & Co.*, 147 Kan. 48, 75 P. 2d 820, where we said:

"This brings us to a consideration of the excluded evidence. As to a portion of such evidence we are obliged to first inquire whether the mere fact that plaintiff has a right of review, relieves her from the duty of presenting the excluded evidence to the trial court in such form as to enable that court and this court to intelligently pass upon its admissibility. Obviously it does not. The evidence of the witness must either be contained in the record of the trial, or be produced in support of a motion for a new trial by affidavit of the witness or by an oral examination of the witness unless the evidence be documentary or by deposition. . . ." (p. 56.)

There is no difference in these statutes which would affect the construction stated in the *Walker* case. The record here reveals that the proffered testimony of Suzanne Moore was made to the court. Since it was in the record of the trial there was no necessity of supporting a motion for a new trial by affidavit of the witness.

Defendant further contends the trial court erred in not allowing the defendant to impeach the credibility of Sharon Watson. The basis of the impeachment was immoral conduct. Under the authority of *State v. Darling*, supra, the court did not err in limiting the cross-examination of Sharon Watson.

The defendant claims error in the failure of the trial court to direct a verdict in favor of the defendant on the basis that plaintiff had not sustained the burden of proof. We see no merit in this contention. We stated in *State, ex rel., v. Wright,* supra, that the testimony of the mother that she had sexual relations with the defendant at or near the time the child was conceived and that he was the father was sufficient evidence standing alone to sustain a conviction.

All other specifications of error urged by the defendant need not be discussed in view of the granting of a new trial. Reversed and remanded for a new trial.