No. 47,335

STATE OF KANSAS, *Appellee,* v. JAMES U. CRAIG, *Appellant.*

(524 P. 2d 679)

Opinion filed July 17, 1974.

*R. Keith Mountain* of Wichita, argued the cause and was on the brief for the appellant.

*Steven Sherwood,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, *Keith Sanborn,* District Attorney, and *Clifford L. Bertholf,* Assistant District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant-appellant (James U. Craig) appeals from a conviction by a jury of perjury as defined in K. S. A. 1973 Supp. 21-3805. The evidence at trial discloses that an acquaintance of defendant, Linda Bybee, was contacted by him and asked to participate with him in the operation of a night club to be known as the "Handsome Dog." Defendant asked Linda Bybee to obtain a license for the sale of cereal malt beverages in her name because he previously had a license taken from him and, thus, was not eligible for a license. Defendant brought an application for a license to Linda Bybee and assisted her in filling it out. She was told by defendant how to answer question No. 10 on the application which concerned who would be operating and managing the club. Defendant told Linda Bybee to answer the question that she and only she would be operating and managing the club. Linda testified that she knew at the time the application was filled out that defendant would be managing the club with her and that the answer to question No. 10 on the application, which she later swore to under oath, was incorrect.

The evidence further disclosed that defendant personally hired a bartender, a janitor and dancers; and that he personally collected the money from the business.

The information charged that defendant did:

". . . [U]nlawfully, wilfully, knowingly and intentionally, aid, abet, advise, counsel and procure another: Linda Bybee, to swear falsely upon oath before a notary public, in order to obtain a cereal malt beverage license for a tavern located at 1311 West South, to a material fact, *i. e.*, that said tavern would not be operated by a manager or agent, when in fact said tavern was managed and operated by James U. Craig; . . ."

On appeal defendant complains of numerous trial errors. He first contends the trial court erred in admitting certain testimony of Gary Davis and Lowell Orvis (defendant's bartender) who testified for the state. Defendant complains that Davis was permitted to testify, over objection, concerning a prior investigation by Davis of defendant on a charge of promoting obscenity, because defendant says no evidence was submitted as to whether a conviction had been obtained. The record discloses evidence to the contrary. It reflects that Davis had in hand the court file of the obscenity case when he was on the witness stand; and further that he was present in the courtroom at the time defendant entered his plea of guilty to the obscenity charge.

Davis testified:

"A. Mr. Craig entered a plea of guilty to the charge of promoting obscenity.
"Q. And is that reflected by the journal entry in front of you?
"A. Yes, sir."

As to defendant's contention that the testimony of Davis on this point was irrelevant and prejudicial, the state answers that it was offered for the purpose of showing motivation, a substantial element in the offense of perjury. We agree with the state's assertion that defendant's prior conviction was relevant to show defendant's motive in committing the act for which he was convicted in the instant case. In this connection K. S. A. 41-2703 provides for the issuance of a license to sell cereal malt beverages at retail and as pertinent to the issue here provides:

". . . No license shall be issued to: . . .

. . . . . . . . . . . . . .

"(*d*) a person who within two years immediately preceding the date of making application has been convicted of a felony or any crime involving a moral turpitude. . . ."

The establishment of defendant's prior conviction was necessary to show the reason for his inability to secure a license in his own right and, thus, establishes his motive in procuring the assistance of Linda Bybee.

Under the provisions of K. S. A. 60-455 proof of motive by evidence of the commission of other crimes is specifically allowed; since the evidence in question here was relevant and of substantial probative value the admission thereof did not constitute error.

Defendant also complains that Davis was allowed to testify in the form of a conclusion that defendant did in fact manage the club in question. The record of Davis's testimony reflects that he had observed many activities on the part of defendant in connection with the club that indicated he was the manager; such as defendant's collection of money at the door, giving orders to and controlling the conduct of employees, such as waitresses and dancers and his conversation with patrons.

K. S. A. 60-456 (a) permits the admission of opinions by non-experts if the judge finds that they may be rationally based upon the perception of the witness and if helpful to a clear understanding of his testimony. In *Osborn v. Lesser*, 201 Kan. 45, 439 P. 2d 395, we held that a trial court is vested with wide discretion in this regard. Considering the observations testified to by Davis we are unable to say that the trial court abused its discretion in admitting the testimony complained of by defendant.

Defendant next contends the trial court erred in permitting Lowell Orvis to testify concerning conversations which he overheard between defendant and a person identified as "Doc Hays"— the conversation concerned the merging of the "Handsome Dog" tavern and another bar and dealt with who would get the license. The record discloses that the objection to Orvis's testimony at trial was on the grounds of irrelevancy. However, defendant's argument on appeal speaks to hearsay. Where evidence is admitted over the defendant's objection at trial, no new grounds for objection can be claimed on appeal. (*State v. Karney*, 208 Kan. 677, 494 P. 2d 1204.) Whether or not the testimony of Orvis was hearsay is not clearly established, since the record is unclear whether the statements testified to by Orvis were made by defendant or by Hays. The state points out the conversation related by Orvis was not offered to prove that a merger might take place nor to prove the parties wanted someone else to get a license, but was offered for

the purpose of demonstrating defendant's exercise of managerial or proprietary authority. Statements of defendant in this context would amount to declarations against interest and be admissible under K. S. A. 60-460 (*j*) as exceptions to the hearsay rule. (*State v. Parrish,* 205 Kan. 178, 468 P. 2d 143.)

In his next contention defendant combines his arguments regarding the admission into evidence of the state's exhibits Nos. 1, 2 and 3. Exhibit No. 1 is a small speciality newspaper entitled "Show-Biz," consisting of eight pages, most of which are devoted to advertising for taverns and night clubs. One page depicts an advertisement for "Jim Craig's Handsome Dog." Defendant contends the court should have admitted only the one page containing the subject advertisement and that defendant was prejudiced because there were pictures of women dancers on the other pages. It appears that it would have been proper for the trial court to have excluded the other seven pages. However, since it was made clear that only one page related to defendant's club, prejudice, if any, stemming from the admission of the other seven pages could hardly be said to be of reversible magnitude when tested by the mandate of K. S. A. 60-261, concerning our treatment of such matters on appeal.

Exhibit No. 2 is an application by defendant for a cereal malt beverage license for the "49 A Go-Go Club," which was formerly operated by defendant. Defendant says the admission of the application constitutes a clear abuse of discretion since it involved a club which defendant says is totally unrelated to the present action. The application was offered to show a foundation for the loss of a previous license by defendant, which ties into defendant's motive for committing the perjury charged herein. Also, the application was relevant to establish knowledge on the part of defendant as to the contents of the application form and the fact that it must be sworn to under oath by the applicant. Moreover, we are unable to find from the record that an objection was lodged at the time of admission. Under the provisions of K. S. A. 60-404 objections to the admissibility of evidence will not be considered on appeal in the absence of timely and specific objections made during trial.

Exhibit No. 3 is the application of Linda Bybee for a cereal malt beverage license. It was admitted over defendant's objection. Defendant says it was prejudicial and that Lois Webb, who notarized Linda's signature, did not witness the filling out of the appli-

cation. Defendant's contentions are untenable. Lois Webb testified that she administered the oath to Linda on the application and notarized her signature. The document was the best evidence of the critical element in the case.

Defendant consolidates his arguments on his final claims of error that the trial court erroneously failed to sustain his motions for discharge and for a new trial. Defendant summarizes his arguments in this statement appearing in his brief:

"In this particular case, the Appellant was not on trial for subornation and Perjury and there was no evidence produced to substantiate the guilt of the Appellant under the former Statute. The evidence and testimony considered in its best light clearly establishes that the Appellant was not guilty of the crime of Perjury K. S. A. 21-3805."

Defendant argues the state failed to submit sufficient evidence corroborating the testimony of Linda Bybee so as to meet the requirements of corroboration to sustain a perjury conviction laid down by this court in *State v. Schroeder*, 201 Kan. 811, 443 P. 2d 284. In *Schroeder* we said:

". . . The pertinent rule in Kansas is that two witnesses or one witness and corroborating circumstances are necessary to establish the fact of perjury, and therefore the uncorroborated testimony of one witness as to the falsity of a sworn statement is not enough to support a conviction for perjury. (Citing cases.)" (pp. 815, 816.)

In *State v. Frames*, 213 Kan. 113, 515 P. 2d 751, a perjury prosecution under the new code, the foregoing statement from *Schroeder* was reiterated and approved. The charge in the case at bar is that defendant counseled and procured Linda Bybee to swear falsely upon oath in order to obtain a cereal malt beverage license; specifically to answer question No. 10 that the tavern would not be operated by a manager or agent when in fact it was managed and operated by defendant. The testimony of Lois Webb established that the answer in question was given upon oath. Linda Bybee, herself, testified as to the falsity of the answer and her testimony was corroborated by Davis, Orvis and exhibit No. 1, all to the effect that defendant was the manager of the club. There is an abundance of corroborative evidence to meet the requirements of the *Schroeder* test in this regard.

Defendant's further argument on this point is rather vague. He appears to be hinting at the idea that since he did not actually commit all of the elements of perjury set forth in K. S. A. 1973 Supp. 21-3805 (*i. e.*, he did not swear upon any oath), and since he was

not specifically charged with violation of K. S. A. 1973 Supp. 21-3205 (Liability for crimes of another) then his conviction cannot stand. Defendant points out a statement appearing in *State v. Gobin*, 134 Kan. 532, 7 P. 2d 57, a prosecution for perjury under the former statute K. S. A. 21-701, which reads:

" ' "The suborner's act is not committed by means of his oath, and one witness is sufficient to establish what he did: (*State v. Renswick*, 85 Minn. 19, 88 N. W. 22.) It is, however, necessary to show that the person suborned did actually commit the crime of perjury. . . ." ' " (p. 537.)

Defendant ignores the provisions of K. S. A. 1973 Supp. 21-3205 (1) which reads:

"(1) A person is criminally responsible for a crime committed by another if he intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime."

In *State v. Edwards*, 209 Kan. 681, 498 P. 2d 48, we observed that 21-3205 was intended to supersede K. S. A. 21-105, which spoke in terms of principals in the first and second degrees, even though all were liable to the same extent for the crime. We further noted in *Edwards* that no change in the substance of the former law was intended when the new section was drafted.

The evidence is undisputed that Linda Bybee committed perjury as defined in K. S. A. 1973 Supp. 21-3805 and there is an abundance of competent evidence showing that defendant intentionally aided, advised and procured her to perpetrate the offense.

The judgment is affirmed.