No. 59,672

STATE OF KANSAS, *Appellee,* v. STEPHEN MACOMBER, *Appellant.*

(734 P.2d 1148)

Opinion filed March 27, 1987.

*Lucille Marino,* assistant appellant defender, argued the cause, and *Benjamin C. Wood,* chief appellate defender, was with her on the brief for appellant.

*Debra Barnett,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: The appellant, Stephen Macomber, appeals his jury convictions of four counts of aggravated robbery (K.S.A. 21-3427) and one count of aggravated battery (K.S.A. 21-3414). The convictions are the result of the robbery of a Wendy's restaurant on East Central; two robberies of a Pizza Hut on East Central; and the robbery of Godfather's Pizza on East Harry; all in Wichita. Because of his disguise none of the restaurant employees could identify Macomber; however, the appellant was convicted on admissions he made to his friends. The appellant raises only two issues on appeal, both of which pertain to the admission of evidence. Thus, additional facts will be discussed as they relate to those issues.

The appellant first argues the trial court committed reversible error when it permitted the State to introduce evidence of his prior juvenile adjudications.

Prior to the commencement of the trial, Macomber made a motion in limine seeking to prohibit reference to his previous juvenile convictions. At that time, the State conceded the prior crimes evidence would be inadmissible under K.S.A. 60-455 and

that the only way the evidence could come in would be if Macomber placed his credibility in issue.

The court permitted cross-examination of appellant concerning his prior conviction of crimes on the theory he had placed his credibility in issue in his case in chief. The ruling was based on the following testimony between Macomber and his attorney:

"Q. Now, when you were in this interview room and the detectives were talking, or Detective Mervosh was talking to     you, and he kept asking you had you been to this Wendy's, had you robbed this Wendy's, had you done any of this stuff that these friends of yours said that you did, what did you tell them each and every time?

"A. I told them no.

"MR. BRITTON: Your Honor, I don't believe I have any more questions of this witness."

After a recess, the appellant was cross-examined by the State:

"Q. All right. Now, Mr. Macomber, the statement that you gave Detective Mervosh, is all that true?

"A. Yes, sir, it was.

"Q. And was it true when you said that you told Mervosh you'd never been at Wendy's, this type of thing?

"A. Yes, sir, it is.

"Q. Mr. Macomber, have you ever been convicted of crimes involving dishonesty or false statement?

"MR. BRITTON: Objection, Your Honor.

"THE COURT: Come forward, please."

An off-the-record discussion occurred, after which the trial court held:

"THE COURT: Well, gentlemen, I recall the motion in limine and I think we indicated, the Court anyway, at that time indicated, Mr. Britton, that the motion in limine would be sustained unless the door was opened. On direct examination from your questioning, the defendant has stated that his answers to whether he was ever at Wendy's or did any of the robberies was no. You have carefully avoided asking him at that point whether that was the truth or not. I do think, however, that opened the door for Mr. Skinner to ask him was that the truth, which he has now done."

Thus, the State was allowed to again ask the appellant whether he had ever been convicted of crimes involving dishonesty or false statement. The appellant responded that he had previously been convicted of burglary and theft. The appellant argues the trial court committed reversible error in admitting evidence of his prior crimes.

The admissibility of an accused's prior conviction of a crime not involving dishonesty or false statement is governed by K.S.A. 60-421, which provides:

"Evidence of the conviction of a witness for a crime not involving dishonesty or false statement shall be inadmissible for the purpose of impairing his or her credibility. If the witness be the accused in a criminal proceeding, no evidence of his or her conviction of a crime shall be admissible for the sole purpose of impairing his or her credibility unless the witness has first introduced evidence admissible solely for the purpose of supporting his or her credibility."

The appellant contends that no evidence was offered during his direct testimony for the sole purpose of supporting his credibility. The appellant contends that no inference could be made (*i.e.*, that the appellant was telling the truth) from his testimony reaffirming previous statements made to the police detective.

In its brief on appeal, the State does not argue the trial court properly ruled that an inference could be derived from the appellant's direct testimony reaffirming his previous testimony. Instead, the State contends that the "record as a whole" supports the trial court's ruling admitting evidence of appellant's prior crimes. The State contends the appellant placed his credibility at issue during direct examination, thus "opening the door" for the admission of prior crimes evidence going to credibility. As support for its argument, the State points to the appellant's testimony that he (1) worked at the YMCA where he supervised small children; (2) "truthfully" admitted to the police he had used marijuana; and (3) repeatedly told the police he did not commit the robberies.

None of the testimony relied on by the State was introduced for the sole purpose of supporting the appellant's credibility. Appellant's defense consisted of his testimony denying he committed the crimes charged and the testimony of a police detective, who testified regarding the appellant's previous statement (which was consistent with his trial statements).

A case with similar facts is *State v. Harris,* 215 Kan. 961, 529 P.2d 101 (1974). In *Harris,* the defendant relied upon the defense of alibi. The court held that none of the evidence introduced by the defense could be interpreted as having been introduced solely for the purpose of supporting the credibility of the defendant. Yet, on cross-examination, the prosecution was

allowed to examine the defendant concerning a prior conviction for aggravated robbery.

This court held the introduction of evidence of a prior conviction constituted reversible error and was in direct violation of K.S.A. 60-421. The court stated:

"This statute [K.S.A. 60-421] is clear and should be understood by every prosecutor in the state. The statute recognizes but one exception and that is when the defendant had previously introduced evidence admissible for the purpose of supporting his credibility." 215 Kan. at 963.

In *State v. Quick*, 229 Kan. 117, 621 P.2d 997 (1981), the defendant was charged with aggravated robbery and relied upon an alibi defense. During the defendant's direct testimony, the defendant did not attempt to introduce evidence for the purpose of supporting his credibility. Although a few references were made to his attendance at church, these were in connection with the defendant's attempt to prove his alibi. The court held neither the credibility nor character of the defendant was placed in issue and the trial court committed reversible error in allowing the State to introduce evidence of prior crimes during the cross-examination of the defendant.

As in *Harris* and *Quick*, Macomber did not place his credibility in issue. A defendant must have the right to deny the charges against him and to maintain that he has consistently done so without fearing such testimony will render evidence of other crimes admissible.

The State argues that even if the trial court improperly admitted evidence of the appellant's previous convictions, the error was not prejudicial. The appellant, on the other hand, contends the evidence against him was not overwhelming and the error constituted reversible error.

The primary testimony against the appellant was that of three of his friends: Charles Poe, Christopher Fulps, and Bryan Fairchild. They testified that the appellant admitted to them he had committed the robberies charged. Also, a number of individuals who were employees of the businesses robbed testified for the prosecution. However, none of the employees were able to identify the appellant as the man who robbed their store, because in each instance the robber wore a plastic bag over his head.

Under the circumstances of this case, we hold the trial court committed reversible error in permitting the admission of evidence of the appellant's previous convictions where such evidence was not within the scope of the direct examination and the appellant had not introduced evidence for the purpose of supporting his credibility.

The appellant next alleges the trial court erred when it prohibited the defense from introducing evidence impairing the credibility of State's witness Bryan Fairchild.

During cross-examination of Fairchild, appellant was permitted to ask the witness whether he had ever lied on the stand before. Fairchild replied that he had not. A proffer of evidence was made, setting forth evidence appellant wished to use to impeach Mr. Fairchild. Specifically, at the preliminary examination in this case, Fairchild stated he was not under the influence of drugs and never used drugs; yet, two witnesses would testify Fairchild had in fact smoked marijuana on the way to the preliminary hearing and was involved in various drug transactions at the time of the hearing.

The trial court ruled that although a witness's credibility may be attacked by evidence regarding the character traits of honesty and veracity, it can only be attacked by opinion or evidence testimony of reputation and not by specific instances of a witness's conduct. K.S.A. 60-422(c) and (d). The court further held that evidence of drug use or drug offenses does not involve dishonesty or false statement and such evidence is inadmissible for impeaching the credibility of a witness.

K.S.A. 60-420 provides:

"Subject to K.S.A. 60-421 and 60-422, for the purpose of impairing or supporting the credibility of a witness, any party including the party calling the witness may examine the witness and introduce extrinsic evidence concerning any conduct by him or her and any other matter relevant upon the issues of credibility."

K.S.A. 60-422(c) and (d) provide:

"As affecting the credibility of a witness . . . (c) evidence of traits of his or her character other than honesty or veracity or their opposites, shall be inadmissible; (d) evidence of specific instances of his or her conduct relevant only as tending to prove a trait of his or her character, shall be inadmissible."

The issue now before the court is similar to one raised in *State*

*v. Nixon*, 223 Kan. 788, 576 P.2d 691 (1978). There, the defendant was convicted of rape and the principal issue at trial was whether or not the victim consented to the defendant's actions. During the direct examination of the victim, the prosecutor brought out the use of marijuana by both parties. On cross-examination, the victim was asked whether she had ever engaged in the sale of marijuana before. The victim responded that she had not.

In an attempt to show the victim was not "truthful," the defendant sought to introduce evidence that the victim had previously participated in the sale of drugs. The trial court held such evidence was inadmissible under K.S.A. 60-422(d). On appeal, the defendant argued he was not attempting to show general traits of character or specific instances of conduct to prove a trait or character, but rather sought to prove the victim was not truthful *in this case.*

The *Nixon* court recognized that although no statute provided for its admission, the evidence in question was still admissible under the rationale of *Dewey v. Funk*, 211 Kan. 54, 505 P.2d 722 (1973). There, the court held that if collateral or indirect testimony is introduced without objection, it is error not to allow the defendant to show such testimony is false.

*Nixon* was recently reaffirmed in *State v. Davis*, 237 Kan. 155, 697 P.2d 1321 (1985).

As in *Nixon*, the appellant here introduced the evidence of Fairchild's drug use to show that Fairchild was not telling the truth in this case. Since Fairchild's testimony regarding the appellant's admission of criminal activity was essential to the State's case, the trial court should have admitted the evidence showing the witness had testified falsely.

The judgment of the trial court is reversed and the case is remanded for a new trial.