(894 P.2d 251)

No. 71,427

STATE OF KANSAS, *Appellee,* v. MIDA S. MCMULLEN, *Appellant.*

Opinion filed April 28, 1995.

*Reid T. Nelson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Ty Kaufman,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before LARSON, P.J., GREEN, J., and DONALD L. WHITE, District Judge Retired, assigned.

GREEN, J.: Mida S. McMullen appeals her convictions on three counts of aggravated criminal sodomy, two counts of indecent liberties with a child, and two counts of aggravated incest. She contends (1) the trial court erred in failing to dismiss certain charges; (2) the trial court abused its discretion in denying her motion for mistrial; (3) the evidence was insufficient to convict

her of certain charges; and (4) the trial court abused its discretion in denying her motion for new trial. We disagree and affirm the judgment of the trial court.

In the fall of 1992, McMullen's three children, N.M., C.M., and A.M., were removed from the home by the Department of Social and Rehabilitation Services (SRS) based on allegations that McMullen had neglected them. Shortly thereafter, the children stated that McMullen and others had sexually abused them. As a result, the State charged McMullen with three counts of aiding and abetting aggravated sodomy, two counts of aiding and abetting indecent liberties with a child, and two counts of aggravated incest. The State alleged that N.M. was the victim in all seven counts.

At trial, N.M. testified that he was first sexually abused at age seven by a man named Mike, who was a friend of his mother. N.M. also testified that the summer before his fifth grade he overheard his mother tell Bobby Yoder, "you can do whatever you want with [N.M.]." N.M. further testified that Yoder came into his basement bedroom that same evening and forcefully removed N.M.'s clothes and touched his penis. N.M. testified that Yoder inserted his penis into N.M.'s anus as well as into his mouth. N.M. further testified that Yoder came into his bedroom on several different occasions and sexually assaulted him in the same manner each time. N.M. also testified about several incidents where his mother forcefully removed his clothes and either touched his penis or forced him to touch her private parts.

A.M. testified that the summer before her third grade, she saw Yoder put his penis into N.M.'s anus. In addition, several mental health professionals testified that both A.M. and N.M. had behavior and emotional problems typical of those of children who had suffered a severe trauma, such as sexual abuse. Although McMullen denied the charges, the jury convicted her of three counts of aiding and abetting aggravated sodomy, two counts of aiding and abetting indecent liberties, and two counts of aggravated incest.

Citing *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992), McMullen argues the trial court erred in not dismissing the

charges of aggravated sodomy and indecent liberties with a child because the victim is her son. Although she was charged with and convicted of aiding and abetting another person in committing these crimes, she contends that the convictions should have been either dismissed or amended to aggravated incest.

In *Williams*, our Supreme Court stated that when "a defendant is related to the victim as set forth in K.S.A. 21-3603 (1), the State may charge the defendant with aggravated incest for engaging in the acts prohibited therein but not with indecent liberties with a child." 250 Kan. at 737. A similar limitation would also apply to aggravated criminal sodomy. See K.S.A. 21-3506 and K.S.A. 21-3602. Conversely, K.S.A. 1994 Supp. 21-3205(1) states that a person is "criminally responsible for a crime committed by another if such person intentionally aids, abets, advises, hires, counsels or procures the other to commit the crime."

Consequently, the issue is whether a person can be convicted as an aider or abettor of a crime that he or she may not be convicted of as a principal. As this issue involves a question of law, this court's standard of review is unlimited. *State v. Donlay*, 253 Kan. 132, Syl. ¶ 1, 853 P.2d 680 (1993).

McMullen argues that when a person falls within the class of persons designated under the incest statute, such as the child's mother, the State must charge the person with incest rather than with indecent liberties with a child. She further argues that because she is N.M.'s mother, the State may charge her only with aggravated incest or aiding or abetting aggravated incest. Consequently, she argues that she may not be convicted of aiding or abetting aggravated sodomy or indecent liberties with a child. This argument is flawed.

McMullen correctly observes that a person who intentionally aids or abets another in the commission of a crime may be charged as a principal for that crime. See K.S.A. 1994 Supp. 21-3205; *State v. Smolin*, 221 Kan. 149, 152, 557 P.2d 1241 (1976), and cases cited therein. Alternatively, a person charged as a principal to a crime may be convicted of that crime even if the evidence adduced at trial shows that the person was only an accessory. *State v. Curtis*, 217 Kan. 717, 723, 538 P.2d 1383 (1975).

But it does not necessarily follow that because McMullen is N.M.'s mother, this prevents the State from charging her as an aider or abettor of aggravated sodomy and of indecent liberties with a child. For example, persons can be found guilty of aiding or abetting perjury even though they did not swear upon any oath. See *State v. Craig*, 215 Kan. 381, 385-86, 524 P.2d 679 (1974).

Finally, in *State v. Elliott*, 61 Kan. 518, 59 P. 1047 (1900), our Supreme Court affirmed defendant's conviction for the fraudulent destruction of mortgaged property, although it was legally impossible for him to commit the offense himself. The statute specifically prohibited any mortgagor of property from taking action with the intent to defraud the mortgagee. Although the defendant was not the mortgagor of the property, our Supreme Court stated that the defendant could still be found guilty as an accessory.

Consequently, a person may be convicted of aiding or abetting the commission of a crime even though the person may not be convicted as a principal of that crime. See *Craig*, 215 Kan. at 386 and *Elliott*, 61 Kan. at 523. Accordingly, McMullen may be convicted as an aider or abettor of aggravated sodomy or indecent liberties with a child.

McMullen next argues the trial court erred in failing to declare a mistrial after the prosecutor asked her about her previous felony theft conviction. She contends evidence of her previous conviction is inadmissible under to K.S.A. 60-421, and its erroneous admission cannot be deemed harmless.

K.S.A. 22-3423(1)(c) permits a trial court to order a mistrial at any time because prejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution. In discussing the appropriate standard of review for this issue, our Supreme Court stated:

"The decision whether to grant a mistrial rests within the sound discretion of the trial court and that decision will not be set aside on appeal unless an abuse of discretion is clearly shown. Judicial discretion is abused only when no reasonable person would take the view adopted by the trial court. In showing that a trial court abused its discretion in failing to grant a mistrial, a defendant has the burden of proving he was substantially prejudiced by the trial court's decision." *State v. Hammon*, 245 Kan. 450, 455-56, 781 P.2d 1063 (1989).

In denying her motion for mistrial, the trial court found the State's question was improper, but the error did not warrant a mistrial. Moreover, at defense counsel's request, the trial court not only admonished the jury to disregard the State's question and McMullen's answer about her criminal history, but also told the jury not to consider her answer in its deliberation.

In Kansas, our appellate courts have "adopted the general rule that an admonition to the jury normally cures the prejudice from an improper admission of evidence." *State v. Chandler*, 252 Kan. 797, 801, 850 P.2d 803 (1993). It is only in the extreme case where the damaging effects of an improper admission of evidence cannot be removed by an admonition, should the trial court declare a mistrial. 252 Kan. 801. See *State v. Lewis*, 238 Kan. 94, 98, 708 P.2d 196 (1985) (mistrial was declared when the prosecutor failed to disclose the changed testimony of an expert witness, which seriously undermined defendant's defense).

McMullen argues this question was improper and had a prejudicial effect because it effectively smeared her credibility. She contends her credibility was important because the jury had to determine who to believe, her or N.M. The case relied upon by McMullen, *State v. Macomber*, 241 Kan. 154, 734 P.2d 1148 (1987), does not support her argument of prejudice. In *Macomber*, our Supreme Court reversed a defendant's conviction because the trial court had erred in admitting evidence of his previous criminal convictions over his objections. 241 Kan. at 158.

Here, unlike *Macomber*, the trial court acknowledged the evidence of her criminal history was improperly admitted, but removed any possibility of its prejudicial effect by admonishing the jury to disregard the question and answer. Accordingly, because McMullen has failed to show any prejudice from the improper admission of her previous conviction, the trial court did not abuse its discretion in denying her motion for a mistrial.

McMullen next argues the evidence was insufficient to prove the aggravated incest and the indecent liberties counts. She ties this argument to a claim that the charges were multiplicitous. She contends that because N.M. testified that he was sexually abused

by her in the living room, such evidence was insufficient to support two separate convictions of aggravated incest. She also argues that because N.M. testified the lewd touching by Yoder occurred at the same times and places he was sodomized by Yoder, the evidence was insufficient to show the two indecent liberties counts were separate and distinct incidents from the aggravated criminal sodomy counts. These various points will be considered together.

The standard of review when the sufficiency of the evidence is challenged is whether, after review of all the evidence viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Bailey*, 251 Kan. 156, 163, 834 P.2d 342 (1992).

In *State v. Walker*, 252 Kan. 117, 139, 843 P.2d 203 (1992), our Supreme Court explained when multiplicity exists:

" 'Multiplicity exists when the State uses a single wrongful act as the basis for multiple charges. . . . Charges are . . . not multiplicitous when the offenses occur at different times and in different places.

" 'A test for determining whether a continuous transaction results in the commission of but a single offense is whether separate and distinct prohibited acts, made punishable by law, have been committed. A single motive for a series of acts does not necessarily result in a single crime.

" 'Multiplicity does not exist if an act of violence is intermittent or separate and wholly unrelated to the other acts of violence.' "

As to the two counts of aggravated incest, N.M. testified about two separate incidents between his mother and him. In the first incident, N.M. was lying on the sofa in the living room watching television when McMullen came in and sat on his legs. After removing her blouse and exposing her breasts, McMullen forcefully removed his clothes. McMullen then forced him to suck her breasts (Count VIII). When asked "did [McMullen] touch you in any way," N.M. replied, "Uh-huh . . . my penis" (Count VII).

In addition, N.M. described another incident where McMullen called him into her bedroom. Upon entering the room, he saw McMullen, another woman, A.M., and C.M. lying on the bed. Once in the bedroom, McMullen and the other woman grabbed N.M. and forcefully removed his clothes. N.M. then testified that

McMullen touched his penis with her mouth and with her hands. Consequently, a rational factfinder could have found beyond a reasonable doubt that McMullen had committed aggravated incest against N.M. on at least two separate occasions.

McMullen next argues the indecent liberties counts were multiplicitous with the aggravated sodomy counts. But these charges are not multiplicitous because they are separate and distinct from each other and do not require the same proof.

N.M. testified that after he overheard McMullen tell Yoder, "[Y]ou can do whatever you want with him," Yoder came into his bedroom and ripped off N.M.'s clothes and "started touching [his] penis." When asked what Yoder did after touching his penis, N.M. replied, "[H]e put his penis into my butt" (Count I). Further, when asked, "[D]id [Yoder] do anything else with his penis . . . that night?" N.M. replied, "[H]e forced me to put it in my mouth" (Count II). Consequently, a rational factfinder could conclude that Yoder committed two separate and distinct acts of aggravated sodomy: anal and oral.

In addition, N.M. testified about another incident when he was pulled into McMullen's bedroom. McMullen watched Yoder sodomize N.M. by inserting his penis into N.M.'s anus (Count III), fondle N.M.'s penis (Count IV), and place N.M.'s penis in Yoder's mouth (Count V). Consequently, a rational factfinder could believe that Yoder committed his third act of aggravated sodomy. In addition, a rational factfinder could believe that Yoder also lewdly fondled N.M.'s penis and lewdly placed N.M.'s penis in his mouth. Because the multiple acts of aggravated sodomy, aggravated incest, and indecent liberties with a child were separate and distinct and did not require the same proof, the counts were not multiplicitous. See *State v. Zamora*, 247 Kan. 684, 694, 803 P.2d 568 (1990).

McMullen finally argues the trial court erred in denying her motion for new trial based upon juror misconduct. She argues one juror, D.O., failed to disclose her disgust for homosexuals during voir dire and this denied her a fair trial.

In explaining the standard of review in a jury misconduct case, our court declared:

" 'Misconduct of jurors *per se* does not necessitate a new trial, but misconduct which results in prejudice to a litigant and impairs his right to a fair and impartial trial requires a new trial. [Citations omitted.] It is for the trial court to determine in the first instance whether misconduct on the part of the jury has resulted in prejudice to a litigant, and its judgment thereon will not be overturned unless abuse of discretion is manifest.' " *State v. McGraw*, 19 Kan. App. 2d 1001, 1013, 879 P.2d 1147 (1994).

Here, in denying the motion for new trial, the trial court stated:

"The defense has wholly failed to show that any member of the jury was guilty of any misconduct in this case. The statement of one of the jurors that she was disgusted when she found out Mr. Yoder was a homosexual took place more than one year prior to trial and does not make or prove any misconduct by such a juror at the time of trial. If you carefully review the questions and answers that were given on voir dire, you will not find any question or answer that this juror's statement a year before would prove contradictive of. Furthermore, the defense has failed to show that even if this juror had feelings contrary to the homosexual lifestyle, such feelings prevented her from reaching a fair and impartial verdict."

A review of the voir dire transcript shows that each potential juror was asked if they were friends of or had any problems with any of the potential witnesses, but D.O. did not disclose any problem. Moreover, defense counsel asked each potential juror if he or she had any prejudice towards homosexuals, and D.O. did not disclose any problem.

On appeal, McMullen alleges D.O.'s failure to disclose she knew Yoder and her personal disgust for homosexuals constitute juror misconduct, citing *State v. Turley*, 17 Kan. App. 2d 484, 487, 840 P.2d 529, *rev. denied* 252 Kan. 1094 (1992). In *Turley*, we held a juror's failure to disclose he knew the defendant and one witness was arguably misconduct; however, the defendant failed to show that he was prejudiced by this misconduct.

Similarly, D.O.'s failure to disclose she knew Yoder and that she was disgusted with homosexuals could arguably be considered juror misconduct. But McMullen has offered no evidence, other than general allegations, that D.O.'s alleged misconduct prevented her from reaching a fair and impartial verdict in this case. Thus, the trial court did not abuse its discretion in finding McMullen

had failed to show substantial prejudice to her rights and in denying her motion for new trial.

Affirmed.