**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1289
_____

GUSTAVO XAVIER,
                                                        Appellant

v.

SUPERINTENDENT ALBION SCI; THE
ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA; THE DISTRICT ATTORNEY
PHILADELPHIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3-12-cv-01603)
District Judge: Hon. A. Richard Caputo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 20, 2016
_____

Before: SMITH, *Chief Judge*, McKEE, and SHWARTZ, *Circuit Judges*.

(Opinion filed: May 3, 2017)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Appellant Gustavo Xavier appeals the district court order dismissing his habeas petition. For the reasons that follow, we affirm in part and vacate in part.[1]

## I.

Since the district court dismissed Xavier's petition without conducting an evidentiary hearing, our review of the district court's legal conclusions is plenary.[2] We apply the same standard of review as the district court, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] Our review of the district court's determination regarding procedural default is also plenary.[4]

## II.

Xavier was charged with criminal homicide and aggravated assault. He attempted suicide after killing the victim and was admitted to a hospital. Police came to the hospital, read him his rights, and interrogated him for 75 minutes.

He pled guilty to one count of third-degree murder and agreed to a maximum sentence of 20 to 40 years. In exchange for his plea, the original criminal homicide and aggravated assault charges against him were dropped.

Xavier now alleges that his guilty plea was not knowing, voluntary, and intelligent due to ineffective assistance of counsel. He also alleges that his claim that counsel was

---

[1] The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.
[2] *See Marshall v. Hendricks*, 307 F.3d 36, 50 (3d Cir. 2002).
[3] Pub. L. No. 104-132, 110 Stat. 1214 (1996).
[4] *Albrecht v. Horn*, 485 F.3d 103, 114 (3d Cir. 2007).

ineffective for failing to advise him that manslaughter is a lesser-included offense to homicide is not procedurally defaulted.  We will address each of these claims in turn.

### A. *Failure to Move to Suppress the Confession*

Xavier alleges that trial counsel was ineffective for failing to move to suppress allegedly inadmissible inculpatory statements he made to police who questioned him while he was hospitalized after trying to commit suicide.  He claims that absent counsel's alleged failure, the Government would have "lost substantial leverage," and he would have demanded a plea to manslaughter.[5]  The Superior Court denied this claim on the merits and Xavier thereafter filed this habeas petition in federal court where a magistrate judge recommended that the petition be denied on the merits as to this claim.  The district court adopted this recommendation.  We will affirm the district court's order.

An application for habeas relief shall not be granted for any claim adjudicated on the merits in state court unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[6]

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

---

[5] Appellant Br. at 35.
[6] 28 U.S.C. § 2254(d)(1)-(2).

clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable."[7]

To state an ineffective assistance of counsel claim, a habeas petitioner must establish that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.[8] To satisfy the second prong, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[9]

Here, the Superior Court concluded that Xavier failed to establish that he was prejudiced by his guilty plea. The court noted that Xavier "has not averred that, but for guilty plea counsel's failure to file a suppression motion, he would not have entered into the negotiated guilty plea."[10] Further, "during the oral guilty plea colloquy, [Xavier] affirmatively acknowledged that, by pleading guilty, he was giving up all rights he may have had to file any all [sic] pre-trial motions, including motions to suppress."[11]

We do not find the state court's determination to be unreasonable. As the Superior Court concluded, Xavier has not alleged that, but for counsel's failure to file a suppression motion, he would not have pled guilty to third degree murder. At best, Xavier argues that if counsel "had investigated the circumstances, . . . the Petitioner would not have been induced by counsel to have ple[d] guilty to murder in the third degree, because the Petitioner's counsel would have seen undeniable proof that at the

---

[7] *Williams v. Taylor*, 529 U.S. 362, 411 (2000).
[8] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[9] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[10] App. 385.
[11] App. 385 n.6.

very most Petitioner should have been charged with was Manslaughter."[12]  In light of this, we cannot say that the Superior Court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Accordingly, we affirm the district court's decision regarding the failure to move to suppress claim.

## B.  *Procedural Default Issue*

Xavier alleges that his trial counsel was ineffective for failing to advise him that the charge of criminal homicide included an alternative lesser-included manslaughter offense.  The magistrate judge recommended that Xavier's petition be denied because this claim was procedurally defaulted under Pennsylvania Rule of Appellate Procedure 2119(a), and the district court agreed.  Xavier now challenges that conclusion.

We may not grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State."[13]  To exhaust his claims, "the petitioner must fairly present all federal claims to the highest state court before bringing them in federal court."[14]  Nonetheless, even when a petitioner brings a claim in state court, a federal court ordinarily may not review it on the merits if the state court's denial of relief is based on a procedural default that rests on an independent and adequate state rule.[15]  A state rule is independent and adequate if "(1) the rule speaks in unmistakable terms; (2)

---

[12] App. 249-50 ¶ 10.

[13] 28 U.S.C. § 2254(b)(1)(A).

[14] *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) (citation and internal quotation marks omitted).

[15] *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012).

all state appellate courts refused to review the petitioner's claims on the merits; and (3) their refusal was consistent with other decisions."[16] Pennsylvania Rule of Appellate Procedure 2119(a) is an independent and adequate state law ground precluding federal habeas review.

Rule 2119(a) requires that a party's "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."[17]

Xavier's submissions to the Superior Court provided detailed allegations and case law concerning counsel's failure to advise him of lesser-included offenses. For example, in his amended *pro se* PCRA Petition, Xavier argued that trial counsel was ineffective, as counsel

> knew and understood that . . . Petitioner knew and/or understood little if not none of the criminal proceedings, . . . [and] if [counsel] had investigated the circumstances, . . . the Petitioner would not have been induced by counsel to have ple[d] guilty to murder in the third degree, because the Petitioner's counsel would have seen undeniable proof that at the very most Petitioner should have been charged with was Manslaughter.[18]

Similarly, in his *pro se* memorandum in support of his supplemental PCRA Petition, Xavier argued that "counsel did not investigate the matters surrounding the criminal prosecution. Defense counsel must investigate all apparently substantial

---

[16] *Nara*, 488 F.3d at 199.
[17] Pa. R.A.P. 2119(a).
[18] App. 249-50 ¶ 10.

defenses available to defendant and must assert them . . . ."[19]  Xavier also included case

law in his *pro se* memorandum that addressed the need for, and the failure of, counsel to

know that Xavier could have been convicted of a lesser charge.[20]  Further, Xavier

submitted a supplemental brief to the Superior Court which significantly developed the

argument that he should have been charged with manslaughter.[21]

Although Xavier combines several arguments in his memorandum, he complies

with Rule 2119(a), as he provides a sufficient factual and legal basis for the court to

address his claim.[22]  Rule 2119(a) "ensure[s] that a brief serves its purpose – to permit the

appellate court to address the assignments on their merits" and thus requires them to

---

[19] App. 257 (citing *Commonwealth v. Gainor*, 432 A.2d 1116 (Pa. Super 1981)).
[20] App. 258 (citing *Commonwealth v. Nace*, 295 A.2d 87 (Pa. Super. 1972) ("In view of the possibility that defense counsel was unaware that defendant could have been convicted of lesser offense, and was unfairly prejudiced in preparation of defense to that charge, and of the possibility that prosecutor overcharged to coerce plea or to influence jury, defendant should have opportunity to present evidence relating to the inadequacy of his counsel in failing to present the commonwealth's overreaching or . . . overcharging the defendant.")); *see also* App. 261 (quoting *Commonwealth v. Napper*, 385 A.2d 521, 524 (Pa. Super. 1976) ("Criminal defense counsel has duty to communicate to his client, not only in terms of plea bargain offer, but also relative merits of offer compared to defendant's chances at trial.")).
[21] App. 365-67 (stating that the victim died in an "act of passion," that he was drunk at the time and voluntary intoxication can reduce a murder charge to a "lower degree," and that he acted in self-defense which can reduce a murder charge to voluntary manslaughter).
[22] *See generally Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003) ("Appellant's forty-six page argument is rambling, repetitive and often incoherent . . . . Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief."); *see also Rolan*, 680 F.3d at 319 ("Although [petitioner] did not provide a verbatim recitation of each alleged misstatement in the argument section of his brief, he did provide ample notice of the nature of his claims by identifying the specific facts involved in the misstatements of evidence claim.").

include "discussion and citation of authorities."[23] Xavier fairly presented his claims to the state court, and his briefs provided the Superior Court with facts and citation of authorities from which the court could discern his argument and thus address his claim on the merits. Accordingly, given Xavier's compliance with Rule 2119(a), we reverse the district court's order insofar as it concluded that Xavier is procedurally barred from arguing a Sixth Amendment violation based on counsel's purported failure to advise him of the possibility of a manslaughter charge. The matter will be remanded for the district court to address this claim on the merits.

IV.

For the reasons set forth above, we will affirm in part and vacate in part and remand for further proceedings.

---

[23] *Commonwealth v. Franklin*, 823 A.2d 906, 910 (Pa. Super. 2003) (internal quotation marks omitted).